## MCFARLAN v. MCFARLAN.

1. APPEAL AND ERROR—FINDING OF FACTS—ADDITIONAL FINDINGS —NECESSITY FOR REQUEST.
   When a case is tried before the court without a jury, exceptions cannot be taken for failure to make certain findings of fact; if additional facts are desired, such findings should be proposed by counsel.

2. SAME—BILL OF EXCEPTIONS—EXAMINATION—DUTY OF APPELLATE COURT.
   Where a record is certified by the trial court to contain all of the testimony given on the trial, it is not the duty of the appellate court to examine the record to determine the facts; but when facts are found which appellant insists are not supported by any evidence, the appellate court will examine the record to determine whether there is testimony to support the finding.

3. Executors and Administrators—Removal—Grounds—Other Remedy.

Under section 9324, 3 Comp. Laws, the widow is entitled to the first right of appointment as administratrix of her husband's estate; and the petition of a creditor for her removal should not be granted if the creditor has another and complete remedy.

4. Same—Proceedings by Creditors—Statutes.

Act No. 326, Pub. Acts 1905, providing that upon the refusal of an executor or administrator to bring suit against the estate, a creditor may bring such action himself in the name of such executor or administrator, is broad enough in its terms to include the right of a creditor to bring such action where the administrator claims title to the property.

Error to Antrim; Mayne, J. Submitted January 7, 1909. (Docket No. 26.) Decided March 3, 1909.

Petition by Mary McFarlan for the removal of Euphemia McFarlan as administratrix of the estate of Henry C. McFarlan, deceased. The petition was granted and respondent appealed to the circuit court. There was judgment sustaining the order of the probate court, and respondent brings error. Reversed, and petition dismissed.

*Smurthwaite & Alway*, for appellant.

*I. C. Wheeler* and *J. L. Boyd*, for appellee.

Grant, J. This was a proceeding commenced in the probate court upon the petition of Mary McFarlan for the removal of the respondent. An order was entered in the probate court removing her. From that order she took an appeal to the circuit court. The case was heard in the circuit court without a jury, and a finding of facts and law made. The court found that the petitioner presented a claim to the probate court, and obtained its allowance, from which no appeal was taken; that the estate of Henry C. McFarlan, deceased, was insolvent; that petitioner was the only creditor of the estate; that she claims

in her petition that McFarlan in his lifetime conveyed to his wife, Euphemia, certain real estate in fraud of his creditors; that petitioner asks that said administratrix be removed, and some other suitable person appointed administrator to take proceedings against Euphemia to set aside the alleged fraudulent conveyances, and made subject to the payment of the debts of the estate. From this finding of facts the circuit court sustained the order of the probate court, and dismissed her appeal.

Exceptions were taken to this finding, which exceptions relate rather to the failure to find other facts, regarded by respondent as essential, than to the findings made. This is not the proper practice. The respondent should have proposed additional findings. The circuit judge certifies that the record contains all the testimony. It is not the legal duty of this court to examine the testimony under such a record and find the facts. When a fact is found by the court which the appellant insists is not supported by any evidence, then the appellate court will examine the evidence to determine whether there is any evidence to sustain the finding. The answer to the petition concedes that the respondent is the administratrix, and that the estate is insolvent. She claims, furthermore, that the deed to her was valid, and not in fraud of creditors. Respondent, under 3 Comp. Laws, § 9324, was entitled to the first right of appointment as administratrix. There is no claim that she has not properly performed her duty as such, except the failure to list a certain piece of land, which was deeded to her and her husband as tenants by the entirety, as belonging to the estate of her husband. The sole purpose of this proceeding is to secure the appointment of an administrator to act in the interests of petitioner, the sole creditor of the estate. If petitioner has another and complete remedy, the respondent, who by law is entitled to be administratrix, should not be removed from the entire management of the estate. It is insisted by the petitioner that she has no other remedy. She was the former wife of Mr. McFarlan, and obtained

a decree of divorce from him in April, 1891. Mr. McFarlan died in 1903. This petition was filed July 24, 1906. Her claim is based upon that decree. At the common law the remedy of the creditor in this case would be by a direct proceeding against the administratrix.

"Where an administrator has a claim to any portion of the property alleged by the creditors to belong to the estate, and whose claim is adverse to that of the creditors, they may resort to a court of equity to have the controversy settled." 18 Cyc. p. 910.

See, also, 7 Am. & Eng. Enc. Law (1st Ed.), p. 400; Dooling on Equitable Remedies of Creditors, p. 120; *Manning* v. *Drake*, 1 Mich. 34. It is also clearly intimated in *Marshall* v. *Blass*, 82 Mich. 518, that a creditor could under the statute institute a direct proceeding by leave of the court after the administrator has refused.

Whether the statute as it stood prior to 1905 confers the exclusive remedy upon an administrator to sue for real estate alleged by a creditor to have been conveyed in fraud of creditors, we need not determine. The statute was amended in 1905, by Act No. 326, Pub. Acts 1905. That statute expressly confers upon a creditor the right, upon the refusal of an executor or administrator to bring suit, to bring it himself in the name of the administrator or executor. This statute is broad enough to include a case where the administrator or executor claims title to the property. Under the finding of facts, the petitioner is the sole creditor interested. She can file her bill directly as such creditor against the respondent. There is no reason why respondent should be removed for the purpose of securing her rights in any other manner. The date of the deed complained of does not appear upon this record. It was evidently made several years before the petitioner commenced this proceeding. This is not the proper suit to enter upon the question of the validity of that deed. Several important questions are discussed in the briefs of counsel which have no place in this proceeding. They have argued the effect of the laches of the pe-

titioner, the statute of limitations, and that the evidence shows that the transaction was a bona fide one between the respondent and her husband.   These are proper questions for the court in chancery when the petitioner files her bill, should she do so, to set the deed aside.   She is entitled to a hearing in that court upon those questions. So far as appears here, she is acting in good faith to maintain her title.   It is not necessary that she be removed from her office as administratrix in order to test the question.

The order is reversed, with the costs of all the courts, and the petition dismissed.

BLAIR, C. J., and HOOKER, MOORE, and MCALVAY, JJ., concurred.