*In re* SLOMAN'S ESTATE.

EQUITY—PARTIES — EXECUTORS AND ADMINISTRATORS—ESTATES OF
DECEDENTS—PARTNERSHIP.

> Where the surviving partners of a copartnership were appointed executors of the estate of their deceased copartner, it was unnecessary to vacate their appointment so that an administrator might be substituted in their stead to sue the firm for an accounting in behalf of the distributees of the estate under decedent's will; for the legatees themselves might become parties complainant against the surviving partners, making party defendant any legatee or other interested person who might refuse to unite with them in bringing suit.

Appeal from Wayne; Collingwood, J., presiding. Submitted April 12, 1915. (Docket No. 37.) Decided June 7, 1915.

Petition by Cora F. Sloman and others in the probate court for the county of Wayne against Samuel A. Sloman and another as executors of the will of Mark Sloman, deceased, to remove the said executors and to appoint an administrator for the purpose of commencing suit against respondents. From an order granting the prayer of the petition the executors aforesaid appealed to the circuit court, which affirmed the same, and respondents appeal. Reversed.

*James O. Murfin* and *Sloman & Sloman,* for appellants.

*Henry B. Graves,* for appellees.

STONE, J. This proceeding originated in the probate court of Wayne county upon the petitions of the widow and children of Morris H. Sloman, a deceased

son of Mark Sloman, deceased, and of Eugene H. Sloman, a son of said deceased, praying, for reasons therein stated, for the removal of Samuel A. Sloman and Adolph Sloman as executors of the last will and testament of Mark Sloman, deceased, and for the appointment of an administrator, with the will annexed, of said estate, for the purpose of representing said estate as complainant in proceedings in chancery, to be commenced to secure an accounting of the interest of said estate in the copartnership of M. Sloman & Co.

The deceased, Mark Sloman, died November 24, 1908, leaving a last will and testament in which his sons Samuel A. Sloman and Adolph Sloman were named as executors. At the time of his death, and for a considerable period prior thereto, he was a member of the firm of M. Sloman & Co., raw fur dealers, of the city of Detroit. This partnership consisted of the testator, Whiting A. Tillotson, and the deceased's two sons, Samuel A. Sloman and Milton M. Sloman. The will was duly admitted to probate, without contest. The testator left, surviving him, a widow, Amelia Sloman, and six children, and the issue of two deceased sons, viz.: Celia Frank, Pauline Wertheimer, Samuel A. Sloman, Adolph Sloman, Eugene H. Sloman (one of the petitioners here), and Milton M. Sloman. The deceased sons were Morris H. Sloman and Edward E. Sloman. The former left, surviving him, Cora F. Sloman, widow, Gladys S. Kopald, Herbert E. Sloman, Marguerita Z. Brown, and Dorothy Sloman (petitioners here). Edward E. Sloman left, surviving him, a son, Cheri M. Sloman.

The will gave the estate to his widow during her life. In case she did not survive him, he gave the same, and such as remained upon her decease, if she did survive him, to his children, and the issue of his deceased children, except that the share of his son

Adolph Sloman was to be paid to his wife, the share of his deceased son Morris H. Sloman was to be paid to his widow and children, and the share of Cheri M. Sloman, only son of the deceased Edward E. Sloman, was not to exceed $2,000. The widow survived the testator upwards of a year; the record is silent as to the date of her death. Among other assets left by the deceased to be administered was his interest in the firm of M. Sloman & Co. This interest was scheduled in the inventory filed by the executors, and was appraised by the appraisers appointed by the probate court "at approximately $15,000." The executors filed their final account November 1, 1911, in which they charged themselves as follows: Undivided interest in M. Sloman & Co., $14,465.29; interest November, 1908, to October 1, 1911, 5 per cent., $2,063.26—and petitioned the court for its allowance for an order determining the shares of the respective legatees, an order of distribution, and for the allowance of their fees as executors. Due notice of hearing thereon was given to all concerned, and all of the legatees (excepting the widow and children of Morris H. Sloman) approved in writing of the account as filed. Prior to the hearing, however, Eugene H. Sloman revoked his approval. These last-named persons filed objections to the two items above specified, the grounds being "that the same do not truly and properly represent the amount which the estate is entitled to in the premises." The account was allowed by the probate court, excepting said two items, which the court did not consider, because the objectors contemplated proceeding against the firm to have the testator's interest therein determined by proceedings in chancery.

The reasons stated in the petition for the removal of said executors were as follows:

"(4) That your petitioners are informed and be-

lieve, and in good faith charge the fact to be, that the undivided interest of said Mark Sloman in the copartnership aforesaid was much in excess of the amount which the executors charge themselves with in said final account, and that said undivided interest since the death of said Mark Sloman remained in the business at the risk of the same, and that therefore the estate of Mark Sloman, deceased, is entitled to a share of the profits of said business since his death.

"(5) That in order to ascertain the interest of the estate of Mark Sloman, deceased, in said copartnership, it is necessary to have an accounting from the surviving partners in a court of chancery in appropriate proceedings commenced and prosecuted in such court.

"(6) That the aforesaid Samuel A. Sloman, as one of the surviving partners, must be made a party defendant to such a proceeding and cannot act as complainant therein, and the aforesaid Adolph Sloman, as executor, by presenting the final account aforesaid, has expressed himself satisfied with the same, and is opposed to such accounting, and is, as your petitioners are informed and believe, pursuant to the provisions of said last will and testament, either at present interested in the firm of M. Sloman & Co. or is about to be interested in said firm, and for the foregoing reasons and each of them is not a proper party to be complainant in such proceedings and to have control of the same, and he has refused to permit your petitioners to control the same in his name, although tendered complete indemnity."

It appeared upon the hearing that Adolph Sloman was indebted to the estate. An order was entered by the probate court removing said executors. They appealed to the circuit court. We do not deem it necessary to review the evidence upon the trial in the circuit court. It is sufficient to say that the order of the probate court in removing the executors was affirmed with costs. The findings of the trial court were duly excepted to, and amended findings were proposed by the executors, which were refused, and such refusals duly excepted to. The case has been

brought here by the executors. The assignments of error, among other things, raise the point that upon the evidence and showing made the court was not warranted in removing the executors. Without discussing the many questions of practice raised by appellants, and treating the petition for removal as true, we are of the opinion that the showing was not sufficient to warrant the order and judgment of the circuit court.

The court ought not to do an unnecessary thing. In our opinion there is no legal necessity for the removal of the executors in order that the appellees may have a standing in equity. They have such an interest in the estate as will entitle them to file a bill in their own behalf against the surviving members of the firm, the executors, and such legatees as refuse to join them as complainants. The position of the surviving members of the firm, and of the executors, is such that appellees may file the bill themselves, and in their own names.

In the Second American Edition of Lindley on Partnership, vol. 2, at marginal page 613, it is said:

"Notwithstanding, however, the general rule that the separate creditors, legatees, or next of kin of a deceased partner have no *locus standi* against the surviving partners, this rule is by no means without its exceptions. Indeed there are cases to be met with which apparently warrant the inference that surviving partners may always be sued along with the executor or administrator of the deceased. But the authority of these cases has recently been called in question, and the better opinion now is that some special circumstances are necessary to justify such course. The special circumstances which have been held sufficient are collusion between the executors and the surviving partners; refusal by the former to compel the latter to come to an account; dealings which may have precluded the executors from themselves obtaining any account; the fact that the executors are themselves partners and liable, therefore, to

account as partners to themselves as executors; and generally, where the relation between the executors and the surviving partners is such as to prevent a substantial impediment to the prosecution, by the executors of the rights of the persons interested in the estate of the deceased against the surviving partners, there, it has been said, an action may be instituted by those persons against the executors and the surviving partners"—citing many English cases.

See, also, marginal pages 614 to 621.

It is elementary, in equity, that if a necessary party will not consent to be made a complainant, though his interest is on the same side as that of the complainant, he may be made a defendant. Story's Equity Pleadings (10th Ed.), § 167 *et seq.* Upon the general subject of the right of legatees to bring suit, see *Id.* §§ 89, 104, 203, 204, 207. That this practice has been resorted to in similar cases in this State appears in our own reports. *Frey* v. *Eisenhardt,* 116 Mich. 160 (74 N. W. 501); *Porter* v. *Long,* 124 Mich. 584 (83 N. W. 601); *McFarlan* v. *McFarlan,* 155 Mich. 652 (119 N. W. 1108); *Powell* v. *Pennock,* 181 Mich. 588 (148 N. W. 430).

The fact that Mr. Tillotson is a surviving partner, but not a legatee, is a reason why proceedings in the probate court are not adequate, and why equity has jurisdiction.

The order is reversed, with the costs of all the courts, and the petition dismissed.

BROOKE, C. J., and MCALVAY, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.