ALLEN v. POWERS.

1. EXECUTORS AND ADMINISTRATORS—FRAUDULENT CONVEYANCES—SUIT BY CREDITOR.

Where an estate is insolvent and the administrator refuses to institute proceedings to set aside a conveyance by the decedent as in fraud of a certain creditor whose obligation was contracted prior to such conveyance and who obtained judgment against the estate, such creditor may institute the suit.

2. PLEADING—MOTION TO DISMISS—DEMURRER—EQUITY.

A motion to dismiss a bill is a substitute for a demurrer under the former practice, and the facts alleged in the bill must be taken as true on such motion.

Appeal from Calhoun; North, J. Submitted April 6, 1917. (Docket No. 79.) Decided May 31, 1917.

Bill by O. Le Grand Allen against Walter S. Powers, administrator of the estate of Charles T. Allen, deceased, and others to set aside a fraudulent conveyance. From a decree dismissing the bill, plaintiff appeals. Reversed, and remanded.

*J. M. Hatch & Son,* for plaintiff.

*Walter S. Powers, in pro. per.*

*R. G. Leitch,* for defendant Kopf.

FELLOWS, J. Briefly stated, the material facts alleged in plaintiff's bill are as follows: That defendant Powers is the administrator of the estate of Charles T. Allen, deceased, a brother of plaintiff and who died October 31, 1914, leaving a daughter, defendant Beniti A. Kopf, and a wife, Carrie F. Allen, who is now deceased and of whose estate defendant Beniti A. Kopf is administratrix. Beniti A. Kopf is made defendant individually and in her representative capacity. That plaintiff is a judgment creditor of the estate of Charles T. Allen to the extent of $710.98, said judgment having been rendered in the circuit court in his favor and against said estate. That said estate is insolvent. That, after incurring his obligation to plaintiff, Charles T. Allen conveyed to his wife, Carrie F., real estate described in the bill located in Calhoun county of the value of $15,000. That such conveyances were voluntary, without consideration, and a gift. That defendant Powers neglects and refuses to pay plaintiff's claim or to file a bill to set aside the deeds by Charles T. to Carrie F. It is also alleged in the bill that Charles T., in his lifetime, was the principal stockholder of the Prims Machinery Company, by which company plaintiff was employed; that said company owed plaintiff $700 or $800; that it became insolvent,

and Charles T., to save himself from loss, agreed to pay the company's indebtedness, including that to plaintiff, and take over its property; and that, to carry out this plan, plaintiff gave a receipt for his claim against the company, and Charles T. agreed to pay him, took over the real and personal property of the company, and thereafter deeded, without consideration, the real estate so received to his wife Carrie F. It is not stated in the bill whether the judgment above referred to was for this claim, or whether this claim was litigated in the suit in the circuit court. There are some indications in the record that it was. If it was not so litigated, there seems to be no reason alleged for its omission. As the case must be reversed on other grounds, we are not inclined to pass upon the rights of the parties growing out of the claimed indebtedness of the Prims Machinery Company to plaintiff upon so indefinite a record, and will not further discuss this branch of the case, confining ourselves to the branch of the case first stated.

Both defendants moved to dismiss the bill upon the ground, so far as the first branch of the case is concerned, that the bill is without equity, that plaintiff cannot maintain this bill in his own name, that the administrator of Charles T. Allen is the only person who can maintain a bill to set aside conveyances of the decedent, and that the only remedy available is that provided in sections 15, 16, and 17, chap. 54, Act No. 314, Pub. Acts 1915 (3 Comp. Laws 1915, §§ 13859-13861). The motion to dismiss was granted, and plaintiff appeals.

It appears by the bill that plaintiff has an unsatisfied judgment for $710.98 against the estate of Charles T. Allen, deceased, and is the principal creditor; that the estate is insolvent; that Charles T. Allen in his lifetime, and when indebted to plaintiff, voluntarily conveyed his real estate to his wife. This states an

equitable cause of action in the nature of a creditor's bill, and unless the provisions of the judicature act, above cited, preclude its maintenance, the motion to dismiss the bill should have been overruled. The sections of the judicature act under consideration are but the re-enactment of former provisions, which have received the construction of this court.

In the case of *McFarlan* v. *McFarlan*, 155 Mich. 652 (119 N. W. 1108), this court had before it a proceeding brought to remove an administratrix. The petitioner was a creditor whose claim had been allowed against the estate which was insolvent; the administratrix was the grantee in the conveyance claimed to have been executed in fraud of creditors. It was there said:

"Whether the statute as it stood prior to 1905 confers the exclusive remedy upon an administrator to sue for real estate alleged by a creditor to have been conveyed in fraud of creditors, we need not determine. The statute was amended in 1905, by Act No. 326, Pub. Acts 1905. The statute expressly confers upon a creditor the right, upon the refusal of an executor or administrator to bring suit, to bring it himself in the name of the administrator or executor. This statute is broad enough to include a case where the administrator or executor claims title to the property. Under the findings of facts, the petitioner is the sole creditor interested. She can file her bill directly as such creditor against the respondent. There is no reason why respondent should be removed for the purpose of securing her rights in any other manner."

A somewhat similar situation was presented to this court in *Re Sloman's Estate*, 186 Mich. 434 (152 N. W. 957), and we there said:

"The court ought not to do an unnecessary thing. In our opinion there is no legal necessity for the removal of the executors in order that the appellees may have a standing in equity. They have such an interest in the estate as will entitle them to file a bill in their own

196—Mich.—40.

behalf against the surviving members of the firm, the executors, and such legatees as refuse to join them as complainants. The position of the surviving members of the firm, and of the executors, is such that appellees may file the bill themselves, and in their own names. * * * It is elementary, in equity, that if a necessary party will not consent to be made a complainant, though his interest is on the same side as that of the complainant, he may be made a defendant."

The question was squarely presented in *Buck* v. *Lockwood*, 193 Mich. 242 (159 N. W. 509), published after the instant case was decided in the court below. In that case this court adopted the opinion of Judge Davis, except as to the jurisdiction of the Ionia county court to directly decree against title to lands in Ingham county. Upon the question involved in the instant case, Judge Davis said:

"The statutes of this State upon the question of reaching property where the same has been conveyed when there is not sufficient assets to pay the debts of the deceased will be found in sections 11064, 11074, 11075, and 11076, of the Michigan statutes [4 How. Stat. (2d Ed.), 3 Comp. Laws 1915, §§ 13849, 13859-13861]. Under this statute, H. J. Watson could file a bill to set aside those conveyances, and, if he refused to do so, then the creditors could proceed direct. See *McFarlan* v. *McFarlan*, 155 Mich. 655 (119 N. W. 1108). In that case it has been held by the Supreme Court of this State that there is no question but what a court of equity in a direct proceeding instituted on behalf of a creditor, upon leave of the court, where the administrator has refused to act, could file a bill for the purpose of reaching the property."

Holding that the proceedings with reference to real estate must be instituted in the county where the same is situated, but recognizing the right of creditors to institute the proceedings direct, it was said after quoting Judge Davis' opinion:

"While the administrator, or, in case of his refusal, creditors, might file a bill in the county where the

land lies to set aside those conveyances, if the assets of the estate otherwise proved inadequate to pay its debts, the subject-matter is purely local, and only the county in which the land is located has jurisdiction for that purpose."

These cases must be regarded as controlling the instant case. The plaintiff, by his bill, has stated a case which entitled him to equitable relief. Upon this motion, which is the substitute for demurrer under the former practice, we must take the facts alleged in the bill to be true. Plaintiff is a judgment creditor. The estate of Charles T. Allen is insolvent. The estate of Carrie F. Allen has several thousand dollars of real estate voluntarily conveyed to her in fraud of plaintiff's rights. The administrator of the estate of Charles T., for reasons best known to himself, refuses to pursue this property. This may be from lack of funds to carry on the litigation, or for other good reasons. It rests within his discretion whether he shall institute the proceedings or not. He cannot be removed for refusing to act, and his name cannot be used as plaintiff, except under the provisions of the statute above cited. But this does not prevent plaintiff from pursuing the rights which are individual and personal to him; as a judgment creditor he is entitled to pursue property fraudulently transferred. The estate of Charles T. is in no way harmed; his administrator is but a nominal party. Plaintiff offers to file a bond to protect the defendants, including the administrator, in case he is unsuccessful. This he should do within 30 days.

The order granting the motion to dismiss is reversed, and one here entered overruling the same and remanding the case, with costs to the plaintiff.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. OSTRANDER, J., concurred in the result.