## LEWIS J. SELZNICK ENTERPRISES *v.* HARRY I. GARSON PRODUCTIONS.

1. EQUITY—MOTION TO DISMISS—PLEADING—JUDICATURE ACT—PRACTICE.

Under section 4, chap. 14, of the judicature act (section 12456, 3 Comp. Laws 1915), unless the matters set up in a motion to dismiss are matters which might have been raised by demurrer, plea in abatement or plea to the jurisdiction under the former practice, they cannot be made the basis of a motion to dismiss.

2. SAME.

A motion to dismiss a bill of complaint on the grounds of lack of equity, that plaintiff has an adequate remedy at law, and that plaintiff is a foreign corporation carrying on business within the State without complying with Act No. 206, Pub. Acts 1901, as amended, cannot properly be considered either as a plea in abatement or a plea to the jurisdiction.[1]

3. CORPORATIONS—FOREIGN CORPORATIONS—RIGHT TO COURTS.

Foreign corporations have an undoubted right to litigate their claims in the courts of this State.

4. EQUITY—ACCOUNTING—EQUITABLE JURISDICTION.

A contract and the dispute arising thereunder whereby plaintiff gave defendant exclusive rights in certain motion pictures in Michigan, under which there is claimed to be due plaintiff a large sum of money, the exact determination of which will require an extensive accounting, and by reason of the breach of the contract plaintiffs are entitled to the return of certain positive prints and printing matter furnished defendants, is within equitable jurisdiction.

5. CORPORATIONS—FOREIGN CORPORATIONS—AFFIRMATIVE DEFENSES—COMPLIANCE WITH STATUTE.

If plaintiff is barred from maintaining an action because of failure to comply with Act No. 206, Pub. Acts 1901, as amended, that fact has no bearing upon the jurisdiction of the court, but may be pleaded as an affirmative defense in bar of the action.

[1]See note in 17 L. R. A. (N. S.) 1117.

6. EQUITY—MOTION TO DISMISS—DEMURRER—PRACTICE.

> Assuming that the motion to dismiss may be regarded in the light of a demurrer, defendants' answer and the affidavit in support of the motion cannot be considered in determining the question involved, viz., whether the bill of complaint stated a cause of action.

7. CORPORATIONS — FOREIGN CORPORATIONS — PLEADING — PRESUMPTIONS—COMPLIANCE WITH STATUTE.

> Averment in the bill of complaint that plaintiff has complied with the statute (Act No. 206, Pub. Acts 1901, as amended) is unnecessary, as such compliance will be presumed.

Appeal from Wayne; Searl, J., presiding. Submitted April 10, 1918. (Docket No. 55.) Decided June 3, 1918.

Bill by Lewis J. Selznick Enterprises, Incorporated, against the Harry I. Garson Productions and another for an accounting and for injunctive relief. From an order denying a motion to dismiss, defendants appeal. Affirmed.

*Angell, Bodman & Turner* and *Clifton G. Dyer* (*Konta & Kirchwey,* of counsel), for plaintiff.

*Robert M. Brownson* (*Frederick S. Baker,* of counsel), for defendants.

The plaintiff in this case, a New York corporation, filed a bill of complaint against defendants setting forth that on May 23, 1916, it entered into an agreement in writing with defendant Garson, by the terms of which Garson was given sole, exclusive, right, license, and authority to distribute and exploit in the State of Michigan certain motion pictures. By the terms of said agreement it was further provided that said Garson might assign said right to a corporation to be by him organized under the laws of the State of Michigan. Such corporation was so organized and

such right was assigned to the corporation defendant herein. It is averred in the bill of complaint that since April 29, 1917, said defendants have failed to perform under said agreement; that there is now due the plaintiff a large sum of money under said contract, the exact determination of which will require an extensive accounting; that under said contract upon the breach thereof by defendants, plaintiff is entitled to the return of certain positive prints and printing matter furnished defendants by plaintiff.

Plaintiff prays:

1. For an accounting.
2. For the payment of such sums as may be found due.
3. For a return of the property alleged to be unlawfully withheld by the defendant.
4. For an injunction, temporary and permanent, preventing defendants from further exploiting said motion pictures within the State of Michigan.

To this bill of complaint defendants on August 11, 1917, filed a joint and several answer, which, together with its exhibits, covers upwards of 100 pages of the printed record. In the meantime and on June 23, 1917, defendants made a motion to dismiss the bill of complaint upon the following grounds:

1. Because there is no equity upon the face of plaintiff's bill of complaint.
2. Because it appears upon the face of the bill that the plaintiff has an adequate remedy at law.
3. Because it appears upon the face of the bill that plaintiff is a foreign corporation carrying on business within the State of Michigan without complying with the provisions of Act No. 206, Pub. Acts 1901, and the acts amendatory thereof [2 Comp. Laws 1915, § 9063 et seq.].
4. Because it appears in and by Exhibit 3 attached to defendants' answer that the plaintiff has failed and neglected to file in the office of the secretary of State of Michigan a record of its articles of association in conformity with the provisions of said Act No. 206.

This motion was heard in the court below and denied on August 14, 1917, the court saying in part:

"I am of the opinion that, under all the facts so far as I have been able to understand them from the pleadings and arguments and concessions made, that the court ought not to say at this time that the plaintiff is not doing an interstate business. * * * I am of the opinion that the argument which has been made here, that the plaintiff had an office here in Detroit, is fallacious. The only business that plaintiff had here in Detroit was the office of the defendants, and while the correspondence, printed literature and advertisements speak of this as the office of the plaintiff, it was in fact the office of the defendants. That was largely an advertising matter to call it plaintiff's office. For that reason and other reasons not necessary to explain now, the motion to dismiss will be denied, the court holding at this time, so far as he is able to learn, that the plaintiff, in making this contract, was carrying on interstate business, and it has a right to bring this suit."

Defendants now review the denial of said motion to dismiss, this court having by order granted leave to appeal.

BROOKE, J. (*after stating the facts*). The brief of appellants is devoted entirely to a discussion of the question whether plaintiff was in fact engaged in carrying on business in the State of Michigan without a license. The meritorious question thus raised we find it unnecessary to discuss at this time for the reason that in our opinion defendants are not entitled to a final determination thereof upon the record as presented.

Section 4, chap. 14, of the judicature act (3 Comp. Laws 1915, § 12456), is as follows:

"Demurrers, pleas in abatement, and pleas to the jurisdiction, are abolished. All questions heretofore raised by such plea or demurrer, shall hereafter be raised by motion to dismiss, or in the answer or notice

attached to the plea; and in case such questions are raised by answer, or by notice attached to the plea, the same may be brought up for determination by the court, in advance of the trial of said cause, upon four days' notice by either party." * * *

We had this section under consideration in the late case of *Pagenkoff* v. *Insurance Co.*, 197 Mich. 166, where we said:

"Unless the matters set up in this motion to dismiss are matters which might have been raised by demurrer, plea in abatement, or plea to the jurisdiction under the former practice, they cannot be made the basis of a motion to dismiss."

Section 3 of Circuit Court Rule No. 25 provides:

"Pleas in equitable actions, other than pleas in abatement and to the jurisdiction (which are abolished by statute) are abolished, and all defenses which might formerly be raised by such pleas shall be interposed by answer provided that on cause shown by motion an issue so raised may be heard in advance of the trial in the cause."

In our opinion the motion to dismiss cannot properly be considered either as a plea in abatement or a plea to the jurisdiction. Foreign corporations have an undoubted right to litigate their claims in the courts of this State. We are, too, of opinion that the contract itself and the dispute arising thereunder is within equitable jurisdiction. If plaintiff is barred from maintaining this action because of the statutory provision, that fact has no bearing upon the jurisdiction of the court but may be pleaded by defendants as an affirmative defense in bar of the action. *Power Specialty Co.* v. *Michigan Power Co.*, 190 Mich. 699. Assuming but not determining that the motion to dismiss may be regarded in the light of a demurrer, defendants' answer and the affidavits in support of the motion cannot be considered in determining the question. *Freeman* v. *Mitchell*, 198 Mich. 207. Upon such

an inquiry the only question involved would be whether the bill of complaint stated a cause of action. *Allen v. Powers,* 196 Mich. 622. Averment in the bill that plaintiff has complied with the statute is unnecessary, as such compliance will be presumed. *Prussian National Ins. Co.* v. *Eisenhardt,* 153 Mich. 198. We are quite clear that the defense relied upon is affirmative in character and must be pleaded in bar. *Pagenkoff v. Insurance Co., supra.* See, also, *Fuller & Co.* v. *Schrenk,* 58 App. Div. 222; *Illinois Sewing Machine Co.* v. *Harrison,* 43 Colo. 362 (96 Pac. 177).

The order denying the motion to dismiss is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, STONE, and KUHN, JJ., concurred. FELLOWS, J., did not sit.

