MURPHY *v.* RIGGS.

1. APPEAL AND ERROR—PLEADING—AVERMENTS MUST BE TAKEN AS TRUE ON MOTION TO DISMISS.
   On appeal from a decree dismissing a bill for want of averments showing that equity should interpose and exert its injunctive power, the allegations in the bill must be accepted as true, if well pleaded, and the answer of defendant or affidavits in support of the motion to dismiss, so far as they raise issues of fact, may not be considered.

2. EQUITY—PLEADING—AVERMENTS REQUIRING NO ANSWER.
   An allegation in a bill to restrain defendant from acting as attorney for certain persons that defendant had attempted to gather into his office certain persons who had been defendants in cases in which defendant had represented plaintiff as attorney, where the implication is that

¹Appeal and Error, 4 C. J. §§ 2560, 2677; ²Equity, 21 C. J. § 544 (Anno); Injunctions, 32 C. J. § 560.

said litigation has ended, *held*, to state nothing calling for an answer.

3. Attorney and Client—Unethical Conduct of Attorney Not Cognizable by Equity.

If an attorney solicited employment against a former client, and offered as an inducement to give the prospective client the benefit of important facts acquired while he was so employed by the former client, said conduct, while unethical, is not a subject of equity jurisdiction.

4. Same—Attorney May Act Against Former Client After Relations Cease.

An attorney may not be restrained from acting in litigation against a former client, where the unfriendly relations leading to the present litigation did not arise until after his relations with his former client had ceased, and said relations are not involved in present suit.

5. Equity—Jurisdiction — Attorney and Client — Impertinent Averments.

An averment, in a bill to restrain an attorney from appearing in a suit against a former client, that he is not fit to act as an attorney or to practice before the court, is impertinent, because it avers a subject not within equity cognizance and prays for a procedure excluded by Act No. 4, Pub. Acts 1923.

6. Attorney and Client — Disbarment Proceedings — Equity Jurisdiction.

If an attorney acquired information as an attorney for former clients and employs it against them, it may be a subject for disbarment; but equity may not end his employment by a person having litigation with the former clients.

7. Same—Confidential Communications.

All confidential communications between attorney and client must be held inviolate by the attorney.

Appeal from Wayne; Miller (Guy A.), J.  Submitted January 7, 1927.  (Docket No. 46.)  Decided April 1, 1927.

[3]Attorney and Client, 6 C. J. § 253 (Anno); [4]Id., 6 C. J. § 105; [5]Equity, 21 C. J. § 407; [6]Attorney and Client, 6 C. J. §§ 49, 253 (Anno); [7]Id., 6 C. J. §§ 206, 211.

Bill by Charles R. Murphy and others against Frank J. Riggs for an injunction. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Garner & McDonald* and *George E. Nichols,* for plaintiffs.

*Ben W. Johnson (Martin J. Cavanaugh* and *Henry C. Bogle,* of counsel), for defendant.

WIEST, J.    Plaintiffs appealed from a decree dismissing their bill of complaint for want of averments showing equity should interpose and exert its injunctive power.    They stand upon their bill and insist it demands answer and triable issues.    We must accept the allegations in the bill as true, if well pleaded, and may not turn to the answer of defendant or the affidavits in support of the special motion to dismiss, so far as they raise issues of fact.    Defendant is an attorney at law, and for a time was so retained and employed by plaintiffs.    In November, 1922, the relation was severed by substitution of other attorneys for plaintiffs.

Thereafter, the bill charges, defendant attempted:

"to gather into his office  *  *  *  certain persons (none named) who have been formerly defendants in cases where the said Riggs had represented the plaintiffs as plaintiffs' attorney, but plaintiff is not informed as to whether any of these persons ever actually appeared in the office of the said Riggs but does allege upon information and belief and therefore charges the fact to be that on or about to wit, the early part of May, 1926, the said above parties did appear at the said Riggs' office in the Hammond building, in the city of Detroit, Michigan."

Passing the manifest contradiction in this paragraph and the failure to name persons, it does not state any reason for equitable interference.    The allegation that persons so invited were "formerly defendants in cases

where the said Riggs had represented the plaintiffs,"
implies that the litigation had ended.    Outside of the
question of ethics, involved in the charge of inviting
prospective clients to his office (not here involved),
defendant was at liberty to serve such persons in his
professional capacity in any matters not connected
with his former employment by plaintiffs.    This
paragraph stated nothing calling for an answer.

Paragraphs 7 and 8 allege:

"7. Plaintiffs allege that on or about May 1, 1925,
the plaintiffs became involved in unfriendly business
relations with one Noah A. Rounds, of Detroit, Michigan; and plaintiff is informed and believes and therefore charges the fact to be that on or about July 29,
1925, the said defendant Riggs did, after acting as
counsel for plaintiffs as aforesaid and after he had
ceased to act as counsel for plaintiffs as aforesaid,
meet with the said Rounds and offered to said Rounds,
that he, the said Riggs, be employed by him; that the
said Riggs was in possession of facts of importance
to the said Rounds and that he acquired said knowledge during his employment on behalf of plaintiffs as
aforesaid and that he would put the said Rounds in
possession of such facts, if he, the said Riggs, should
be so employed by the said Rounds.    Plaintiffs are
informed and therefore charge the fact to be, that on
and after the said meeting the said Rounds and Riggs
met and talked over matters regarding the plaintiffs
and especially Charles R. Murphy; that the plaintiff,
Charles R. Murphy, did receive a certain telephone
call in his office from the said Rounds stating that he
and the said Riggs were going to get hold of certain
former defendants in former suits in which the said
Riggs had acted as counsel for plaintiffs or either of
them; that the tactics and methods of the said Rounds
came to such a state that a certain suit was filed
against him by the said Charles R. Murphy to obtain
damages for certain libel and slander, in the defense
of which said suit the said Riggs filed his appearance
as attorney for the said Noah A. Rounds.

"8. The plaintiffs allege that on to wit: July 26,
1926, the defendant, Frank J. Riggs, did, in accord-

ance with the offer and tender of his services as aforesaid to said Noah A. Rounds, and in disloyalty to his former client, Charles R. Murphy, file a certain action for $100,000 against the said Charles R. Murphy, and on behalf of the said Noah A. Rounds, and is now seeking to use the knowledge and secrets acquired from said Charles R. Murphy and from the said coplaintiffs, while acting as their attorney, for the benefit of the said Noah A. Rounds, and to the injury of the said plaintiffs, and the plaintiffs submit that the entire conduct of the said Frank J. Riggs shows that he is not fit to act as an attorney at law or to practice before this court or any other court in this State of Michigan."

Defendant's employment by plaintiffs ended in November, 1922, and it will be noted from paragraph 7 of the bill that the unfriendly business relations between plaintiffs and Noah A. Rounds arose on or about May 1, 1925. If defendant solicited employment by Mr. Rounds and offered the inducement that he was in possession of facts of importance to Rounds, and stated he had acquired knowledge thereof during his employment by plaintiffs, and would give Rounds the benefit thereof if he was employed by him, it was unethical but not a subject of equity jurisdiction as hereinafter set forth. The allegation that plaintiff Murphy commenced suit against Noah A. Rounds to obtain damages for libel and slander and that defendant entered his appearance in the case as attorney for Mr. Rounds alleges no matter related to defendant's former employment by plaintiffs, and, having in mind the allegation that the unfriendly business relations between plaintiffs and Mr. Rounds arose in May, 1925, bars any inference that the former relations between the parties were involved in the slander suit. What we have just said applies to the allegation in paragraph 8 that, in July, 1926, defendant, as attorney for Noah A. Rounds, brought suit for slander against plaintiff Murphy. While it was not necessary for

plaintiffs to disclose the claimed knowledge and secrets acquired by defendant while acting as their attorney, good pleading demands something more specific than the allegations made. The averment that "the entire conduct of said Frank J. Riggs shows that he is not fit to act as an attorney at law or to practice before this court or any other court in this State of Michigan," is impertinent; it avers a subject not within equity cognizance and prays for a procedure excluded by the provisions of Act No. 4, Pub. Acts 1923.

Taking the bill as a whole, it attempts to aver unprofessional conduct on the part of defendant cognizable only in a proceeding for disbarment. Equity may not end the employment of defendant by a person having litigation with plaintiffs, even though, in defendant's former employment by plaintiffs, he acquired information which, if disclosed to his new client, might prove of advantage in the slander suits. However, if defendant acquired such information as an attorney for plaintiffs and employs the same against his former clients it may be a subject for disbarment.

The relation of attorney and clients between defendant and plaintiffs ended long before the trouble arose between plaintiff Murphy and defendant's client Rounds, and, while all confidential communications during plaintiffs' employment of defendant must be held inviolate by defendant, we do not feel that it is the province of equity to step in upon the vague allegations in this bill.

The order dismissing the bill is affirmed, with costs to defendant.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.