JANESICK v. OSBON.

1. APPEAL AND ERROR—MOTION TO DISMISS—PLEADING.
   On appeal from order dismissing bill on motion of defendant the only question for decision is whether the bill affirmatively sets up sufficient grounds to entitle plaintiff to relief in a court of equity, well-pleaded facts therein being taken as true (Court Rule No. 18 [1933]).

2. SPECIFIC PERFORMANCE—LAND CONTRACT—DAMAGES.
   Specific performance of a contract to sell land may not be resisted by electing to pay damages for the breach.

3. EQUITY—MOTION TO DISMISS—ISSUES OF FACT.
   Issues of fact as to whether plaintiff's assignor could be a purchaser under the land contract of which plaintiff sought specific performance may not be raised on motion to dismiss (Court Rule No. 18 [1933]).

4. SAME—MULTIPLICITY OF SUITS—PARTIES.

    In suit for specific performance of a land contract, avoidance
    of multiplicity of suits is not a ground for dismissing bill
    on defendants' motion where defendants herein are not now
    parties to other pending suit (Court Rule No. 18 [1933]).

Appeal from Wayne; Maher (John J.), J., presiding. Submitted April 7, 1943. (Docket No. 16, Calendar No. 42,247.) Decided May 19, 1943.

Bill by Johanna Janesick against Winfield Louis Osbon and others for specific performance of a contract to sell land. Bill dismissed. Plaintiff appeals. Reversed and remanded for further proceedings.

*John G. Cross*, for plaintiff.

*Ralph Lane* (*William B. Giles*, of counsel), for defendant.

BOYLES, C. J. The bill of complaint herein was filed to compel specific performance of a land contract. The court dismissed the bill on motion and affidavits on the grounds (1) that plaintiff has an adequate remedy at law; (2) that plaintiff's assignor (therefore, the plaintiff) could not be the rightful purchaser of the land in question; and (3) to prevent a multiplicity of suits. The grounds for dismissal urged by defendants are for defects claimed to appear on the face of the bill. Court Rule No. 18 (1933). The only question for decision is whether the bill of complaint affirmatively sets up sufficient grounds to entitle plaintiff to relief in an equity court. For the purpose of this decision, all well-pleaded allegations in the bill must be taken as true. *Allen* v. *Powers*, 196 Mich. 622.

    The bill of complaint alleges jurisdiction of the parties and the subject matter; that defendant Osbon, being the owner of certain described real estate

in the city of Detroit, entered into a written contract in 1941 to sell and convey said real estate to plaintiff's husband, a copy of said contract being attached to and made a part of the bill of complaint; that before suit was started her husband assigned the said contract to plaintiff, a copy of the assignment being attached and made a part of the bill; that the vendor had been offered and tendered performance of the conditions of the contract, had been paid all the purchase price that was called for, and that no further money was due him; that a conveyance had been demanded from him and refused; that the vendor had deeded his interest in the real estate to defendants Herbert Boone and Alvora Boone, his wife, while Herbert Boone was well aware of the contract and familiar with its terms through having acted as representative of plaintiff's husband in the transaction; charges the truth to be that this was without consideration, not a bona fide conveyance, and that plaintiff was unable to state which of the defendants is now the owner in interest; that plaintiff had offered performance of the conditions to Herbert and Alvora Boone, demanded a conveyance according to the contract, and been refused performance; that plaintiff's husband had contracted to sell the said real estate to another, procured an abstract of title, delivered it to the purchaser, and was unable to perform his obligation to convey. Plaintiff's bill of complaint offers specifically to perform her part of the contract as vendee, asks for a decree for specific performance by the defendants, an accounting of the rents collected by the defendants, and that they be enjoined from conveying the premises or collecting further rents except the rents be deposited in court.

1. Defendants' motion to dismiss the bill of complaint on the ground that plaintiff has an adequate remedy at law is untenable. The subject matter is

an interest in land.   Defendants cannot resist specific performance of a contract to sell land by electing to pay damages for the breach.  *Brin* v. *Michalski,* 188 Mich. 400; *Janiszewski* v. *Shank,* 230 Mich. 189.

2.   Defendants' affidavits in support of the second ground urged for dismissal attempt to set up facts which, if established, might tend to deny plaintiff equitable relief.   The issues thus raised cannot be determined on motion to dismiss.   Plaintiff cannot be compelled to try the lawsuit in that manner.

"Assuming but not determining that the motion to dismiss may be regarded in the light of a demurrer, defendants' answer and the affidavits in support of the motion cannot be considered in determining the question. *Freeman* v. *Mitchell,* 198 Mich. 207. Upon such an inquiry the only question involved would be whether the bill of complaint stated a cause of action. *Allen* v. *Powers,* 196 Mich. 622." *Louis J. Selznick Enterprises* v. *Harry I. Garson Productions,* 202 Mich. 106.

"Plaintiffs appealed from a decree dismissing their bill of complaint for want of averments showing equity should interpose and exert its injunctive power.   They stand upon their bill and insist it demands answer and triable issues.   We must accept the allegations in the bill as true, if well pleaded, and may not turn to the answer of defendant or the affidavits in support of the special motion to dismiss, so far as they raise issues of fact." *Murphy* v. *Riggs,* 238 Mich. 151 (51 A. L. R. 1303).

3.   The only other ground for dismissal urged by defendants that requires consideration is to avoid a multiplicity of suits.   It appears that another suit is pending in which one William H. Young is plaintiff, and in which none of the defendants to this suit is joined either as plaintiff or defendant.   Perhaps

the defendants herein might properly be added as parties to that suit, but we fail to see how that fact can now avail the defendants herein on this motion to dismiss.

The order dismissing suit is set aside and the case remanded for further proceedings in accordance herewith. Costs to appellant.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSH-NELL, and SHARPE, JJ., concurred.