WATTS CONSTRUCTION COMPANY v. JOINT CLUTCH & GEAR SERVICE, INC.

1. CORPORATIONS—FOREIGN CORPORATIONS—INTERSTATE COMMERCE—INTRASTATE COMMERCE—SINGLE, ISOLATED TRANSACTION—MOTION TO DISMISS—QUESTIONS OF FACT.

Motion to dismiss foreign corporation's bill to foreclose a mechanic's lien without the taking of testimony *held,* improper, where there are questions of fact involved as to whether the corporation, which admittedly has never obtained a certificate of authority to carry on or transact intrastate business in this State, was doing an interstate or intrastate business, or whether the construction of a building in this State pursuant to main contract and various subcontracts executed in Ohio was a single, isolated transaction, since both parties should have full opportunity to present such testimony as they deem proper (CL 1948, §§ 450.93, 450.96, 612.19).

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Dismissal and Discontinuance, § 46.

2. COSTS—REMAND FOR HEARING ON MERITS.
> Where cause on appeal from order granting motion ·to dismiss before hearing is remanded for hearing on the merits, costs of both courts are to abide the final outcome of the case.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted June 8, 1949. (Docket No. 16, Calendar No. 44,413.) Decided September 8, 1949.

Bill by Watts Construction Company, a foreign corporation, against Joint Clutch & Gear Service, Inc., a Michigan corporation, and others to foreclose a mechanic's lien. Motion to dismiss granted. Plaintiff appeals. Reversed and remanded for hearing.

*Chas. A. Bryan (Bugbee, Eickemeyer & Johnston,* of counsel), for plaintiff.

*Hill, Essery, Lewis & Andrews (Davies, Eshner, Johnson & Miller,* of counsel), for defendants.

BUTZEL, J. Plaintiff, the Watts Construction Company, an Ohio corporation, entered into a contract with Joint Clutch and Gear Service, Inc., a Michigan corporation, to construct a building on land owned by the latter in Detroit, Michigan. The contract was executed in Ohio. After a long delay, for which the plaintiff claims it was not to blame, and when the building was far from completion, the contract was terminated. Plaintiff filed a mechanic's lien against the property, claiming $21,758.79 was still due it on the contract. The present suit was brought to foreclose the lien. Other parties were joined as defendants, it being alleged that they had an interest in the property. We shall refer, herein, to Joint Clutch and Gear Service, Inc., as the defendant.

Defendant in its answer raised many defenses to plaintiff's claim but only one is presented in the instant appeal. Plaintiff, a foreign corporation, admittedly has never obtained a certificate of authority to carry on or transact intrastate business in this State. See CL 1948, §§ 450.93 to 450.96 (Stat Ann §§ 21.94 to 21.97).

The question presented is whether such failure precludes plaintiff from invoking the jurisdiction of or maintaining any action in the courts of this State. CL 1948, § 612.19 (Stat Ann § 27.671), provides:

"Sec. 19. But when, by the laws of this State, any act is forbidden to be done by any corporation, or by any association of individuals, without express authority by law, and such act shall have been done by a foreign corporation, it shall not be authorized to maintain any action founded upon such act, or upon any liability or obligation, express or implied, arising out of, or made or entered into in consideration of such act."

Plaintiff claims that its contract with defendant constituted an interstate transaction, and even if it were determined otherwise, it was a single, isolated transaction and so not within the scope of the laws hereinabove quoted, and therefore, it was not required to comply therewith. It further contended in its pleadings and in the colloquy at the hearing of the case, that it neither maintained an office nor had any materials or equipment in Michigan; that it never before did any work in Michigan; that the construction was done by subcontractors, whose contracts, like the main contract with defendant, were all executed in Ohio; and that its sole activity in carrying out the contract was the supervision of the work from its principal office in Toledo, Ohio, by its vice-president who made numerous trips to Detroit to supervise the construction of the building. Plaintiff relies heavily on the opinion in *Richmond*

*Screw Anchor Co.* v. *E. W. Minter Co.,* 156 Tenn 19 (300 SW 574), which tends to uphold plaintiff's contentions.  Defendant, however, contends that it is at variance with the holdings in the vast majority of the States where a similar question has arisen. Plaintiff also supports its claim by the authority of *Bay City* v. *Frazier* (CCA), 77 F2d 570, in which it was held that the plaintiff, a foreign corporation, was engaged in interstate commerce when it contracted to do the engineering for and the supervision of the construction of a water-works system for the city of Bay City.  The court pointed out that it did not contract to construct the plant, furnish any materials, or to do any of the actual erection.  The contract provided for a resident engineer in Bay City, who would keep in close touch with the Ohio office of the engineering company.  Plaintiff also cites *National Adjusting Association* v. *Dallavo,* 253 Mich 239, *Smilansky* v. *Mandel Bros.,* 254 Mich 575, and other cases in Michigan and foreign jurisdictions.

On the other hand defendant relies on *Power Specialty Co.* v. *Michigan Power Co.,* 190 Mich 699, *Decorators Supply Co.* v. *Chaussee,* 211 Mich 302, *Haughton Elevator & Machine Co.* v. *Detroit Candy Co.,* 156 Mich 25, *Phillips Co.* v. *Everett* (CCA), 262 F 341, *A. H. Andrews Co.* v. *Colonial Theatre Co.,* 283 F 471, *Browning* v. *City of Waycross,* 233 US 16 (34 S Ct 578, 58 L ed 828), and other cases in Michigan and the Federal courts, as well as statements of the law found in 23 Am Jur, p 378 and 95 ALR 367.  Each party attempts to distinguish the cases cited by the other party by claiming the facts in the instant case vary from those in the cases respectively relied on.  It is true that they show variance, as the holding in each case depends primarily on the particular facts of that case.  To what extent the cited cases vary from the instant case

or how far we are bound by them need not now be considered.

A motion to dismiss made by the plaintiff shortly after the issue was joined, on the ground that plaintiff, a foreign corporation, had not complied with the laws of this State, was denied by the trial judge. The motion to dismiss was renewed at the beginning of the hearing. The trial judge stated that this was the important question, for if defendant prevailed and this Court upheld the decision, it would not necessitate a protracted hearing on all the other claims of the respective parties. No testimony was taken. After examining the pleadings and the pretrial statement, and hearing the oral arguments of the counsel, the judge granted the motion to dismiss. Plaintiff has appealed.

We have always frowned upon the dismissal of like cases on a motion to dismiss without the taking of testimony when there are questions of fact involved. *Lewis J. Selznick Enterprises* v. *Harry I. Garson Productions,* 202 Mich 106. In order for the trial court as well as this Court to properly consider the case, both parties should have full opportunity to present such testimony as they deem proper.

For this reason we remand the case to the trial court for a full hearing on the questions involved. The costs in this Court and the trial court shall abide the final outcome of the case.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.