ᵛⱼ

SCHUH *v.* SCHUH.

1. SPECIFIC PERFORMANCE—CONTRACT TO SELL PROPERTY.

   Provision of property settlement agreement, entered into between the parties in anticipation of suit for divorce in which the bill was dismissed, which required defendant wife to place resort and home property on the market immediately and sell as soon as practicable and appointing her as the plaintiff husband's attorney-in-fact to sell premises at $70,000 or more *held,* not too indefinite or impossible of specific enforcement.

2. SAME—MOTION TO DISMISS—CONSTRUCTION OF BILL.

   Well-pleaded allegations in a bill of complaint in a suit for specific performance, and inferences to be drawn therefrom, must be taken as true and construed in a light most favorable to plaintiff on appeal from order dismissing bill.

3. EQUITY—MOTION TO DISMISS—QUESTION OF FACT—EVIDENCE.

   A motion to dismiss a bill of complaint in a chancery case should not be granted without the taking of testimony, when there are questions of fact involved, as both the trial court and the Supreme Court cannot properly consider the case if both parties have not had full opportunity to present such testimony as they deem proper.

Appeal from Berrien; Hadsell (Philip A.), J. Submitted December 7, 1962. (Docket No. 117, Calendar No. 49,347.) Decided December 31, 1962.

Bill by Louis Schuh against Adelaide Schuh for specific performance of contract to place property on

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 26 Am Jur, Husband and Wife § 318.
   49 Am Jur, Specific Performance § 92.
[2] 5 Am Jur 2d, Appeal and Error § 878.
[3] 17 Am Jur, Dismissal, Discontinuance, and Nonsuit § 58 *et seq.*

market and negotiate for sale. Bill dismissed on motion. Plaintiff appeals. Reversed and remanded for hearing.

*Killian & Spelman* (*John H. Spelman,* of counsel), for plaintiff.

*Small & Shaffer* (*Robert P. Small,* of counsel), for defendant.

KAVANAGH, J. Plaintiff Louis Schuh filed a bill of complaint in the Berrien county circuit court seeking specific performance of certain provisions of a property settlement agreement previously entered into on March 18, 1958, between plaintiff and his wife, defendant Adelaide Schuh.

A divorce action had been instituted, and dismissed, prior to the filing of the bill of complaint in this case.

The provisions of the property settlement agreement sought to be specifically enforced involved the disposition of some resort property on Burt lake in northern Michigan. The agreement provided the resort should continue to be operated by the wife Adelaide and that she would retain the profits realized from such operation for her own use; however, out of the profits she was to make payments on the mortgage existing on the property, and as between the parties this would be considered a cost of operation of the resort.

Paragraph 5 of the property settlement agreement provided as follows:

"It is agreed that the resort property, including the building used as a home by these parties, be placed on the market immediately and that it be sold as soon as practicable. The net proceeds from such sale shall be divided equally between the parties. In this connection, it is agreed that Adelaide shall

have charge of negotiations for sale and Louis hereby appoints her as his attorney-in-fact for the purpose of executing any agreement of sale at a gross sale price of $70,000 or more."

The bill of complaint sought specific performance of the above paragraph. The bill alleged that plaintiff had performed and had been willing to perform all the obligations imposed on him by the agreement and that he had on numerous occasions demanded performance by defendant as to paragraph 5 above, particularly that the property be placed on the market immediately. Plaintiff further alleged that defendant had consistently failed and refused to perform by refusing to place the resort property on the market immediately.

The bill of complaint further alleged that plaintiff, in addition to making demands of defendant, attempted to employ real-estate salesmen and brokers in the vicinity of the property for the purpose of assisting defendant in finding a purchaser; but that when said salesmen and brokers contacted defendant and her agents, they were advised the property was not for sale.

Plaintiff prayed: (1) that defendant be decreed to specifically perform her part of said agreement; (2) that defendant account to plaintiff for the sums collected and proceeds realized from the operation of the resort property beyond the time when the property should have been sold; (3) that the court appoint a receiver to collect earnings, revenues, issues, and proceeds of said property with full power and direction to sell said property pursuant to the terms of the property settlement agreement and upon such terms as the court may direct.

Defendant filed an answer denying the allegations with reference to nonperformance. She alleged she was engaged in the operation of the resort in accordance with the terms of the agreement for the mutual

protection and benefit of the parties, and that she had never refused or failed to place the property on the market for sale. She alleged that she now stands ready to make a sale of this property in accordance with said agreement, and that she has always stood ready to do so since the execution of the said agreement. She denies she ever advised any salesman, broker, or any other person, the property was not for sale. She alleges the fact the property has not been sold to the present date is no fault of hers, and states there are no facts existing which would justify an application for the appointment of a receiver.

Following pretrial, defendant made a motion to dismiss the bill of complaint for the following reasons:

1. The bill of complaint did not state a cause of action.

2. The contract pleaded contains parts not specifically enforceable.

3. Plaintiff is not a person entitled to sue for specific performance.

4. Defendant is entitled to a dismissal of the suit on the face of the pleadings.

The trial judge filed a written opinion conditionally granting the motion to dismiss. The judge held he could not require specific performance of the contract because it was too indefinite; that the allegations in plaintiff's bill of complaint regarding defendant's refusal to perform the contract, if proved, could result in the court's setting aside the contract between the parties because of defendant's breach thereof. He then proceeded to add that defendant's motion to dismiss would be granted unless, within 15 days, the plaintiff prayed for the setting aside of the agreement. Fifteen days elapsed without an amendment to the prayer of the bill, and the trial judge entered an order dismissing the bill.

The relief sought by plaintiff was the enforcement of the provisions of paragraph 5 of the property settlement agreement, which required immediate placing of the property involved for sale and, upon a satisfactory offer, the selling of it. We find nothing indefinite and impossible of enforcement in such language.

Well-pleaded allegations in a bill of complaint, and inferences drawn therefrom, must be taken as true and construed in a light most favorable to plaintiff. *Gilmer* v. *Miller,* 319 Mich 136; *Doyle* v. *Kammeraad,* 310 Mich 233.

The trial court made no attempt to determine by testimonial record whether the property had ever been listed for sale or if defendant had attempted to list it immediately in accordance with the terms of paragraph 5 of the property settlement agreement.

We repeat what was said in *Watts Construction Company* v. *Joint Clutch & Gear Service, Inc.,* 325 Mich 548, 552:

"We have always frowned upon the dismissal of like cases on a motion to dismiss without the taking of testimony when there are questions of fact involved. *Lewis J. Selznick Enterprises* v. *Harry I. Garson Productions,* 202 Mich 106. In order for the trial court as well as this Court to properly consider the case, both parties should have full opportunity to present such testimony as they deem proper."

For this reason we remand the case to the trial court for a full hearing on the questions involved. Plaintiff shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.