### C. H. KNIGHT-THEARLE CO. *v.* HARTLINE.

1. CORPORATIONS — FOREIGN CORPORATIONS — DOING BUSINESS IN THIS STATE—SINGLE SALE—COMMERCE.

   Proof of a single sale by a traveling salesman of a foreign corporation not licensed to do business in this State would not be sufficient to establish, as a matter of law, that said corporation was doing business in this State in violation of 2 Comp. Laws 1915, § 9063, in the absence of proof that any other sales were made, or that the goods were brought into this State for sale.[1]

2. APPEAL AND ERROR — OBJECTION TO INSTRUCTIONS WITHOUT MERIT.

   In an action for goods sold and delivered, an objection that the instructions of the court, as given, "were, taken altogether, vague, confused, and did not fairly present to the jury any of the issues in said cause," *held,* without merit.[2]

3. SAME—OBJECTION TO INSTRUCTION NOT MATERIAL WILL NOT BE CONSIDERED.

   The jury having found that the sale first made was not in violation of the statute (2 Comp. Laws 1915, § 9063), the instruction as to the application of the payments made need not be considered.[3]

4. SALES—OPTION TO RETURN GOODS MUST BE EXERCISED WITHIN REASONABLE TIME.

   An option given by the seller to the buyer to return any unsold goods should be exercised within a reasonable time.[4]

5. SAME—BUYER LIABLE WHERE HE FAILS TO RETURN GOODS ON DEMAND.

   Where, in an action for goods sold and delivered, the buyer claimed the right to return unsold goods, he was in no position to insist that he should not be required to pay for what he had received if he retained them and sold what he could after demand for their return had

---

[1]Corporations, 14a C. J. § 3981; [2]Appeal and Error, 3 C. J. § 753; [3]Id., 4 C. J. § 3017; [4]Sales, 35 Cyc. p. 254.

Establishing agency to handle a corporation's products within the State as doing business therein, see note in 18 L. R. A. (N. S.) 142.

been made, and was unable on the trial to state positively what he then had on hand.[5]

**6.** TRIAL—REQUESTS TO CHARGE PROPERLY REFUSED WHERE COVERED BY GENERAL CHARGE.

There was no error in refusing to give requests preferred, the substance of which, where material to the issue presented, was fairly covered by the charge as given.[6]

Error to Midland; Hart (Ray), J. Submitted October 21, 1925. (Docket No. 34.) Decided December 22, 1925.

Assumpsit by C. H. Knight-Thearle Company against William A. Hartline for goods sold and delivered. Judgment for plaintiff. Defendant brings error. Affirmed.

*Chester E. Morris,* for appellant.

*Stoddard & McMillan,* for appellee.

SHARPE, J. Defendant reviews by writ of error a judgment entered on a verdict for plaintiff for $1,155.44. The assignments relate to the denial of defendant's motion for a directed verdict and to the instructions given to the jury.

The plaintiff is a corporation, engaged in the sale of jewelry at wholesale in Chicago. On September 21, 1923, its traveling salesman, S. E. Croft, came to Midland, where defendant was making arrangements to open a retail jewelry store. His sample trunks were taken to the store, and defendant selected jewelry amounting to about $3,000. No payment was then made. On December 27th, Croft again went to Midland, and interviewed defendant about making settlement for these goods. He took back a large part of them, and received a payment from defendant of $500. Croft claims that the goods left were in fact

[5]Sales, 35 Cyc. p. 254; [6]Trial, 38 Cyc. p. 1711.

sold to defendant, while he claims they were left with the understanding that what he did not sell might be returned. At the time these goods were delivered, defendant gave Croft an order for about $600 worth of goods, to be shipped from Chicago. These defendant received. When Croft visited the store on December 27th, defendant purchased from him goods to the amount of $25.48, paying therefor in cash. It does not seem to be disputed that, if defendant is liable to pay for the goods left with him in September and not returned, the plaintiff is entitled to recover the amount for which judgment was entered.

1. Defendant claims that plaintiff was carrying on its business in this State without having procured from the secretary of State the certificate of authority required by section 9063, 2 Comp. Laws 1915. Section 9068 provides:

"No foreign corporation, subject to the provisions of this act, shall be capable of making a valid contract in this State until it shall have fully complied with the requirements of this act, and at the time holds an unrevoked certificate to that effect from the secretary of State."

The court submitted to the jury the question as to whether plaintiff was doing business in this State in violation of the statute. The defendant insists that under the proofs such fact was established. His counsel relies upon the holding in *Despres, Bridges & Noel* v. *Zierleyn,* 163 Mich. 399. It was there held that the selling of goods from trunks was not the doing of a single act of business, because goods were sold in a similar way to other customers. It was also pointed out that the sales agent was carrying with him a stock of goods in the expectation that the customers of the firm would purchase them; that such goods were brought into the State in bulk for the purpose of sale, and became a part of "the mass of

property of this State as soon as they arrived and were offered for sale." Croft was a witness, and might have been interrogated as to whether other sales had been made by him. No inference can be drawn that he was doing so. There is no proof that more than one of the same articles were sold to defendant. He was opening up a new store, and the inference, if any may be drawn, would seem to be that he was in a hurry to get a stock and accepted the samples which Croft was handling in order to speedily obtain one. In *Neyens* v. *Worthington*, 150 Mich. 580, 588 (18 L. R. A. [N. S.] 142), the court quoted with approval from *Vaughn Machine Co.* v. *Lighthouse*, 64 N. Y. App. Div. 142 (71 N. Y. Supp. 799), as follows:

"The crucial test in doing business within the meaning of this statute is not an isolated transaction within the State or the trans-shipment of goods from the home office, pursuant to orders taken by drummers within the State, but it is the establishment of an *agency or branch office* within our State limits."

See, also, *Rex Beach Pictures Co.* v. *Garson Productions*, 209 Mich. 692, and *Republic Acceptance Corporation* v. *Bennett*, 220 Mich. 249.

Plaintiff is here seeking to recover for the goods sold to defendant on September 21st. There is no proof that plaintiff at that time had made any other sale in the State or that the goods the salesman then had were brought into the State for sale. We do not think defendant was entitled to a peremptory instruction that this sale was made in violation of the act.

2. It is urged that the instructions as given "were, taken altogether, vague, confused, and did not fairly present to the jury any of the issues in said cause." We are satisfied that the charge, taken as a whole, fairly instructed the jury as to the issues on which they should pass.

3. The jury having found that the sale first made was not in violation of the statute, the instruction as to the application of the payments made need not be considered.

4. Counsel claims that, in a colloquy with counsel, the court, in the presence of the jury, asserted that certain facts were established, when such facts were in issue for the jury to pass upon.    The contention of defendant's counsel was thus stated:

*"The Court:* If I remember right your claim was the goods were left there to be sold and that you could return them.    Do you claim the goods still belonged to plaintiff?

*"Mr. Morris:* We claimed the goods could be returned at defendant's option.    It was a sale with a condition attached."

On cross-examination, defendant testified:

. "When you ask me if the goods are now mine or Croft's, I say that they are in my possession and it is undecided who owns them.    I have been selling them from time to time.    I don't know how much I now have left without taking an inventory.    I can't say whether I have $100 worth or $50 worth, or how much without taking an inventory and pick out these goods from among the other goods.    I take an inventory once a year.    I took an inventory about January 1, 1924, this year, haven't it with me, but could get it.    That inventory would not show what of these goods I still had.    These goods are commingled with our stock and have been ever since the goods were put in our cases, and they have been displayed in our show cases and shelves and shown to customers and sold whenever we could sell them."

If defendant had the option to return the goods received by him, or any part of them, it was his duty to exercise such option within a reasonable time.    It is apparent from his testimony that he did not do so.    If he retained them after asking Croft to take them back and sold what he could thereafter, and

was unable on the trial to state positively what he then had on hand, he was in no position to insist that he should not be required to pay for what he had received.

5. Error is assigned on the refusal to give several requests preferred by defendant. The substance of these requests, where material to the issue presented, was, we think, fairly covered by the charge as given.

A careful reading of the entire record satisfies us that the defendant has no just cause for complaint as to the conduct of the trial or the verdict reached by the jury.

The judgment is affirmed.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.