NATIONAL ADJUSTING ASS'N *v.* DALLAVO.

1. CHAMPERTY AND MAINTENANCE—STATUTES.
    Defense of champerty does not exist in Michigan, except as specified in 3 Comp. Laws 1929, § 13600.

2. CORPORATIONS—FOREIGN CORPORATION—RIGHT TO MAINTAIN ACTION ON ISOLATED TRANSACTION.
    Foreign corporation may bring action without first qualifying to do business in State under 2 Comp. Laws 1929, § 10118, in order to assert its rights arising out of isolated transaction conducted in State by agent.

Error to Wayne; Martin (William H.), J., presiding. Submitted December 26, 1930. (Docket No. 184, Calendar No. 34,852.) Decided January 23, 1931.

Assumpsit by National Adjusting Association, an Illinois corporation, against Joseph Dallavo on a collection contract. Directed verdict and judgment for plaintiff. Defendant brings error. Affirmed.

*George O. Hansen,* for plaintiff.

*Peter P. Boyle,* for defendant.

Butzel, C. J.   Plaintiff, National Adjusting Association, an Illinois corporation, is engaged in making commercial collections.   It sent its solicitor to defendant, who was in the lumber business in Sibley, Michigan, and succeeded in obtaining from him a written contract, dated June 25, 1924, by which plaintiff was given full power and authority to collect and settle certain accounts listed in the agreement.   The contract was sent to plaintiff's Chicago office for approval.

The contract provided that plaintiff should be entitled to a docket fee of $.50 for each claim, and in addition 50 per cent. of the first $100, and 10 per cent. of all amounts in excess of $100 collected on each claim, and 50 per cent. of all amounts collected on outlawed claims or by partial payments. It also provided that plaintiff after employing reasonable means for collecting any claim might place it in the hands of counsel for collection, in which event plaintiff assumed the responsibility of costs, but received a commission of 50 per cent. of all amounts collected.

The record makes up in brevity for what it lacks in clarity and detail.   It only shows this single transaction carried on by plaintiff in the State of Michigan.   As far as the record goes, the letters were mailed to the debtors from Chicago, and plaintiff in one instance consulted a Chicago attorney in regard to a claim.   Whether due to plaintiff's effort or not, a number of accounts embraced in the contract were paid, so that plaintiff would be entitled to commissions amounting to $481, and interest

amounting to $96.20, unless defendant has a meritorious defense.

The trial judge directed a judgment for this amount and costs in plaintiff's favor. Defendant claims error in that the contract was champertous, and therefore void, and also that plaintiff has never qualified as a foreign corporation to do business in the State of Michigan, and for this reason is unable to enforce its contracts in the courts of this State. There is also some claim that defendant was deceived in signing the contract, and an application for bond of the National Surety Company made contemporaneous with the contract.

The defense of champerty does not exist in the State of Michigan. While there is some uncertainty whether it ever existed, as far as contracts made with others than attorneys, it does not exist today except as specified in 3 Comp. Laws 1929, § 13600. Referring to this act, it was said in the case of *Wildey* v. *Crane*, 63 Mich. 720:

"If the common-law doctrine of champerty was in force in this State previous to the passage of this act, it was repealed by its passage, and no longer exists in this State. When the legislature enacted that lands in the adverse possession of another might be conveyed, and also that choses in action might be assigned, and actions maintained in the name of the assignee, such legislation virtually repealed the common law relating to champerty; and the statute above cited seems to have been passed in view of the decision of this court in *Backus* v. *Byron,* 4 Mich. 535, and the doubts existing upon the subject, so as to settle the question in accordance with the course of legislation already enacted, and in harmony therewith."

The only other question is whether plaintiff is precluded from bringing suit on account of its failure to qualify as a foreign corporation in the State of Michigan. We are not confronted with a situation where there has been a series of transactions by a foreign corporation, nor where plaintiff established an agency or opened a branch office in this State. No act whatsoever on its part in this State is shown except the exclusive one of soliciting and entering into the contract on which this suit is brought. While the law properly demands that a foreign corporation must first obtain a certificate of authority to do business within this State (2 Comp. Laws 1929, § 10118) before it may make a valid contract in this State, it may bring suit without first qualifying in order to assert its rights arising out of an isolated transaction conducted in this State by an agent of the foreign corporation. *C. H. Knight-Thearle Co.* v. *Hartline,* 233 Mich. 53; *Neyens* v. *Worthington,* 150 Mich. 580 (18 L. R. A. [N. S.] 142); *International Fuel & Iron Corp.* v. *Donner Steel Co., Inc.,* 242 N. Y. 224 (151 N. E. 214); *Penn Collieries Co.* v. *McKeever,* 183 N. Y. 98 (75 N. E. 935, 2 L. R. A. [N. S.] 127).

The judgment of the lower court is affirmed, with costs.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.