GRANT *v.* STECKER & HUFF, INC.

1. CONTRACTS—CONTINGENT RECOVERY.

   Contract whereby plaintiff, a real-estate broker, was to receive one half of amount recovered from State for compensation for lots taken for State highway purposes from which half he was to pay expenses, including legal services, *held,* valid, and plaintiff, upon performance of services, entitled to his share of the compensation.

2. CHAMPERTY AND MAINTENANCE—STATUTES.

   The defense of champerty has long been rendered obsolete by modern judicial procedure and an independent judiciary and does not exist in this State except as specified by statute as to attorneys (3 Comp. Laws 1929, § 13600).

Appeal from Oakland; Hartrick (George B.), J. Submitted October 9, 1941. (Docket No. 21, Calendar No. 41,682.) Decided January 5, 1942.

Bill by John Grant against Stecker & Huff, Inc., a Michigan corporation, and Rodney Arms to compel indorsement of a State warrant and division of proceeds. Decree for defendants. Plaintiff appeals. Reversed.

Champerty, see 2 Restatement, Contracts, §§ 540–547.

*Wiley, Streeter & Ford,* for plaintiff.

*Pelton & McGee,* for defendant.

WIEST, J.  In widening Grand River highway in Farmington township, Oakland county, the State highway department established the road across lots in a subdivision without acquiring title or coming to an understanding with the owners.

Defendants herein, owners of a lot, were unable amicably to obtain compensation. Plaintiff, a real-estate broker, offered to endeavor to obtain the proper compensation and defendants each agreed he should have one-half of what he obtained, he to pay expenses, including legal services. Plaintiff employed attorneys and, by legal proceedings, obtained payment of the compensation. The State warrant for the payment was made out to defendants and the attorneys. Plaintiff paid the attorneys for their services and they indorsed the warrant and handed it to him, but defendants refused to make the indorsement or pay plaintiff his agreed compensation on the ground their agreements were contrary to public policy and void under the common-law rule of champerty. Thereupon plaintiff filed the bill herein to have his rights determined. Upon hearing the court adjudged the agreements contrary to public policy and, therefore, void, dismissed the bill, and directed plaintiff to surrender up the warrant. Plaintiff reviews by appeal.

The question in the case is whether the agreements were champertous. Defendants had valid claims. Plaintiff was not an attorney at law; neither did he attempt to act as such but employed attorneys, at his charge, who acted in the names of and in accord with the desires of defendants. The attorneys were to receive for their services one half

of plaintiff's one half of the recovery obtained and have been so paid by plaintiff.

It ill becomes defendants to withhold from plaintiff his agreed and earned compensation and leave him to stand all the expense of procuring their just rights, under invocation of a rule which became inert ages ago.

The writer has spent considerable time among the musty tomes of ancient English legal lore and the gleaning leads to the opinion that to resurrect the ancient rule of champerty and dub it indicative of up-to-date public policy and let it decide this case would wholly remove it from its old-time setting and reason and employ it in working an injustice which modern public policy should abhor and personal integrity spurn. The curb of the ancient rule of champerty and its fellow, "maintenance," were possibly suited to the then crude state of society and judicial procedure and related to the cupidity of the great and powerful in lending their championship and influence in fomenting litigation in order to partake of the fruits thereof, but has long been rendered obsolete by modern judicial procedure and an independent judiciary. We so held in *National Adjusting Ass'n* v. *Dallavo,* 253 Mich. 239, and the holding was followed in *Chicago Bank of Commerce* v. *McPherson* (C. C. A.), 62 Fed. (2d) 393; *Royal Oak Drain District* v. *Keefe* (C. C. A.), 87 Fed. (2d) 786.

The circuit judge thought the holding in *Fetters* v. *Wittmer Oil & Gas Properties,* 258 Mich. 310, overruled the holding in the *Dallavo Case.*

The *Fetters Case* does not overrule the *Dallavo Case.* The *Fetters Case* was a vicious effort by an intermeddler, inducing a lessor to seek release in equity from a contract with which he was wholly content, in order that the instigator might obtain

a personal benefit under another contract. The contract, considering its purpose, was held contrary to public policy. The *Dallavo Case* was an action at law between the parties to a contract and the unanimous opinion therein held the defense of champerty does not exist in Michigan, except as specified as to attorneys, 3 Comp. Laws 1929, § 13600 (Stat. Ann. § 27.94).

The decree in the circuit court is reversed, and a decree will be entered in this court adjudging the contract valid and requiring defendants to pay the agreed compensation or indorse the pay warrant in order that plaintiff may obtain his pay.

Plaintiff will recover costs.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.