DRATZ *v.* OCCIDENTAL HOTEL COMPANY.

JORGENSEN *v.* SAME.

1. CORPORATIONS — DELAWARE — CONSOLIDATION — RECOVERY OF VALUE OF STOCK BY OBJECTOR.

Objecting stockholder of Delaware corporation, who failed to make a written demand for payment of the value of stock within time limited by Delaware statute after consolidation of corporation with another corporation had been effected was not entitled to recover the value of stock as provided in the Delaware statute (41 Del Laws [1937], ch 131, § 2; 44 Del Laws [1943], ch 125, § 6).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 22] 13 Am Jur, Corporations, §§ 1223, 1225.
[4, 5] 13 Am Jur, Corporations, § 318.
[4, 5] Validity, construction, and effect of provisions of articles of incorporation or certificates of stock relating to redemption or retirement of stock. 88 ALR 1131.
[11–17] 13 Am Jur, Corporations, §§ 690, 691.
[11–17] Right of holders of preferred stock in respect of dividends. 6 ALR 802; 67 ALR 765; 98 ALR 1526; 133 ALR 653.
[19] 23 Am Jur, Foreign Corporations, § 370.

2. Same — Consolidation of Delaware Corporations — Redemption of Preferred Stock.

Defendant Delaware corporation's concession that plaintiff preferred stockholder of consolidated Delaware corporation had an option to demand redemption of stock on date provided for therein is not an admission that such plaintiff had a vested contractual right enforceable against the resulting corporation to have stock redeemed at par and have payment of accrued dividends, where option to demand was exercisable on a date over two years previous to consolidation and demand was not made until over three years after consolidation.

3. Same — Preferred Stock — Redemption.

Provision in certificates of preferred stock and articles of association of Delaware corporation that such stock was subject to redemption at par on a stated date and at call on any dividend day at a 5 per cent. premium and accrued dividends did not bind the corporation to redeem such stock on the specified date.

4. Same — Reservation of Right to Redeem Stock.

A corporation is not bound to retire stock under a mere reserved option which has not been exercised.

5. Same — Redemption of Stock.

A corporation is not bound to redeem stock out of its capital, but only out of its other assets.

6. Same — Redemption of Preferred Stock — Admissions.

In suit by preferred stockholder of predecessor corporation for redemption of stock, the admission by defendant Delaware corporation in its brief that plaintiff had the option to demand that his stock be redeemed did not constitute an admission that the defendant or its predecessor was obligated to redeem on date specified in the certificate and articles in the absence of the exercise of the option.

7. Same — Delaware — Redemption of Preferred Stock — Consolidation.

Under the Delaware law, the right to redeem preferred stock in a Delaware corporation, as provided in certificate and articles subjecting such stock to redemption on a given date at par and on dividend days at a premium, if not asserted prior to consummation of consolidation, could not thereafter be asserted against the new or resulting corporation (41 Del Laws [1937], ch 131, § 2; 44 Del Laws [1943], ch 125, § 6).

8. SAME — DELAWARE — MERGER AGREEMENT.

> A shareholder in a Delaware corporation has notice that the corporation whose shares he holds may be merged with another corporation if the required majority of shareholders agree and that the merger agreement may prescribe the terms and conditions of merger and mode of carrying it into effect and may alter in form, substance, or quality, shares of the constituent corporation into shares of the resulting corporation, by virtue of provisions of the Delaware statute written into every Delaware corporate charter (Delaware Revised Code 1935, §§ 2091, 2092, 2093, and § 2091A, as added by 41 Del Laws [1937], ch 131, § 2).

9. SAME — DELAWARE — PREFERRED STOCK — ACCRUED BUT UNPAID DIVIDENDS.

> The right of a preferred stockholder of a Delaware corporation to dividends accrued but unpaid may be the subject of reconcilement and adjustment when the corporation is merged with another corporation (Delaware Revised Code 1935, §§ 2091, 2092, 2093, and § 2091A, as added by 41 Del Laws [1937], ch 131, § 2).

10. SAME — DELAWARE — MERGER — CONSTRUCTION OF STATUTES.

> The statutes permitting merger of Delaware corporations cannot be given a narrow or technical construction if they are to accomplish the purpose of conserving and promoting corporate interests for which they were enacted (Delaware Revised Code 1935, §§ 2091, 2092, 2093, and § 2091A, as added by 41 Del Laws [1937], ch 131, § 2).

11. SAME — DELAWARE — PREFERRED STOCK — ACCUMULATED DIVIDENDS — VESTED RIGHTS — MERGER.

> The right of a holder of cumulative preferred stock in a Delaware corporation to dividends which have accumulated is not a fixed and vested contractual right that is secure against attack on merger of such corporation pursuant to Delaware statute, since shareholders by virtue of stock ownership have notice that the corporation may be merged under the statute (Delaware Revised Code 1935, §§ 2091, 2092, 2093, and § 2091A, as added by 41 Del Laws [1937], ch 131, § 2).

12. SAME — DELAWARE — PREFERRED STOCK — REDEMPTION — ACCRUED DIVIDENDS — STATUTES — MERGER — CREDITORS.

> The right of a preferred stockholder of a Delaware corporation to redemption of stock and dividends accrued through lapse of time does not entitle such stockholder to the protection of Delaware statute providing for preservation of

rights of creditors and liens upon property of constituent corporations involved in a merger and attachment thereof to the resulting corporation since such a stockholder is not a "creditor" of the corporation within that statutory use of that term (Delaware Revised Code 1935, §§ 2091, 2092, 2093, 2095, and § 2091A, as added by 41 Del Laws [1937], ch 131, § 2).

13. Same — Delaware — Preferred Stock — Redemption — Accumulated Dividends — Net Profit — Vested Rights.

Under record showing there were no net profits of Delaware corporation as of specified date on which preferred stock was subject to redemption at par and dividends thereon were payable from net profits, plaintiff stockholders' claim that they had a vested right as of such specified date to have their stock redeemed and to be paid accumulated dividends thereon cannot be sustained, especially where payment of such sums at that time would have worked impairment of the corporation's capital and possibly an impairment of rights of its then creditors.

14. Same — Delaware — Merger — Preferred Stock — Accumulated Dividends — Fraud.

Under the law of Delaware a parent corporation may merge with a wholly-owned, inactive, subsidiary, cancelling old preferred stock and the rights of the holders thereof to unpaid accumulated dividends, even though the subsidiary was created for that very purpose, although such statutory right of merger is subject to nullification for fraud (Delaware Revised Code 1935, §§ 2091, 2092, 2093, and § 2091A, as added by 41 Del Laws [1937], ch 131, § 2).

15. Same — Delaware — Merger — Fraud — Evidence.

Under the Delaware law a merger of corporations that is effected pursuant to the controlling statute is presumed to be done in good faith and the evaluation of benefits and detriments entitled to great weight, hence a complaining preferred stockholder claiming fraud in such transaction must show unfairness of such character and so clearly demonstrated as to impel the conclusion that it emanates from acts of bad faith, or a reckless indifference to the rights of others interested, rather than from an honest error of judgment (Delaware Revised Code 1935, §§ 2091, 2092, 2093, and § 2091A, as added by 41 Del Laws [1937], ch 131, § 2).

16. SAME—DELAWARE—CONSOLIDATION—CONSTRUCTIVE FRAUD—BURDEN OF PROOF.

Plaintiff preferred stockholders of Delaware corporation, claiming that consolidation of their corporation with a wholly-owned subsidiary Delaware corporation constituted a constructive fraud in that it was effected to enable the original corporation to defeat its obligation to holders of cumulative preferred stock and to improve the position of the common stockholders of the corporation at the expense of plaintiffs and that the proceedings, admittedly conforming to Delaware statute, were a mere sham and subterfuge had the burden of establishing the constructive fraud.

17. SAME—DELAWARE—CONSOLIDATION—CONSTRUCTIVE FRAUD—EVIDENCE.

Consolidation of Delaware corporation with wholly-owned subsidiary Delaware corporation whereby holders of 5,720 shares of issued 7 per cent. cumulative preferred stock of $100 par value of constituent corporation were afforded opportunity of exchanging it for one half the number of shares of 5 per cent. noncumulative preferred stock in the new company and received 3 per cent. bonds maturing in 3 years secured by a second mortgage on real property of the new company for other half of preferred stock and holders of 1,000 shares of $100 par value common stock could have an equal number of shares of stock in the new company of $50 par value *held,* not shown to have been constructively or actually fraudulent as to holders of preferred stock of constituent where dividends on their stock were payable from net profits, there were no net profits prior to consolidation, the corporation had not paid dividends for over 11 years and had operated at a loss each year for 7 years prior to consolidation, the company's capital was impaired to the extent of $7,000, two mortgages totalling $525,000 were due 2 and 3 years hence, officers and directors who had stock held preferred stock materially in excess of their common stock and plan for reorganization had been pending for over a year, notwithstanding that subsequent to consolidation the corporation made substantial profits and paid dividends (Delaware Revised Code 1935, §§ 2091, 2092, 2093, and § 2091A, as added by 41 Del Laws [1937], ch 131, § 2).

18. SAME—CONSOLIDATION AGREEMENT BETWEEN ADMITTED AND NON-ADMITTED DELAWARE CORPORATIONS—PUBLIC POLICY—DOING BUSINESS.

Agreement whereby Delaware corporation, admitted to do business in this State, was consolidated with a wholly-owned sub-

sidiary Delaware corporation which had not been admitted, was not against public policy as to nonassenting preferred stockholders of parent corporation by reason of the nonadmission of subsidiary, where the intercorporate action in entering into the consolidation agreement was the sole action or business done by the nonadmitted corporation (CL 1948, § 450.93).

19. SAME—FOREIGN CORPORATIONS—DOING BUSINESS.

Simple and discontinuous acts or contracts in this State do not constitute carrying on business by a foreign corporation in this State within the meaning of statute relative to the right of a foreign corporation to do business in this State (CL 1948, § 450.93).

20. SAME—DELAWARE—MERGER—IMPAIRMENT OF CONTRACT RIGHTS.

Merger of Delaware corporation with its wholly-owned subsidiary was not void as to holders of cumulative preferred stock of parent corporation on the ground that it impaired their rights guaranteed by the Federal Constitution, where it appears they had no vested right to payment of dividend or redemption of stock and merger was effected pursuant to Delaware law (US Const, art 1, § 10; am 14; Delaware Revised Code 1935, §§ 2091, 2092, 2093, 2095, and § 2091A, as added by 41 Del Laws [1937], ch 131, § 2).

21. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CORPORATIONS—REDEMPTION OF PREFERRED STOCK—ACCRUED DIVIDENDS—STATUTE OF LIMITATIONS.

On appeal from decrees dismissing bills to compel redemption of cumulative preferred stock and for payment of accrued dividends by a Delaware corporation, where determination is made on merits that plaintiffs were not entitled to relief sought, no determination is made as to whether or not the suits were barred by Delaware statute of limitations.

22. CORPORATIONS—DELAWARE—REDEMPTION OF PREFERRED STOCK—ACCRUED DIVIDENDS—LACHES—MERGER—TRANSFER OF STOCK IN NEW CORPORATION.

Laches of plaintiffs in suit to compel redemption of cumulative preferred stock in Delaware corporation and for payment of accrued dividends barred relief where suit was not brought until after lapse of three years after corporation had been merged with a wholly-owned subsidiary Delaware corporation and there had been transfers of stock in the new corporation.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted June 17, 1949. (Docket Nos. 51, 52, Calendar Nos. 44,451, 44,452.) Decided October 10, 1949. Rehearing denied December 8, 1949.

Separate actions by Lui A. Dratz and others and Marvin T. Jorgensen, individually and as assignee of another, against Occidental Hotel Company for amounts claimed due on preferred stock. Cases transferred to equity and consolidated for trial and appeal. Decree for defendants. Plaintiffs appeal. Affirmed.

*Alexis J. Rogoski,* for plaintiffs.

*Sessions & Barlow,* for defendants.

NORTH, J. Plaintiffs or their assignors were holders of preferred stock in the Occidental Hotel Company, a Delaware corporation authorized to do business in Michigan. It owned and operated a hotel in Muskegon. It had no other business. In 1943, this corporation consolidated with another Delaware corporation, and incident to such consolidation the rights of plaintiffs as holders of preferred stock were materially affected. The new Occidental Hotel Company assumed the liabilities and obligations of the original or old Occidental Hotel Company. By their suits, which were transferred to the equity side of the court, plaintiffs seek redemption of their preferred stock and payment of past due accumulated dividends as of December 31, 1940. The 2 suits were consolidated for trial and are here on a single record. After hearing on the merits decrees were entered in the circuit court dismissing plaintiffs' bills of complaint. They have appealed.

The original Occidental Hotel Company in which plaintiffs or their assignors held preferred stock had

its principal office in Wilmington, Delaware. It operated its hotel in Muskegon at a loss prior to 1942. At the 1942 annual stockholders' meeting the directors "were instructed to prepare a suitable plan for the reorganization of the financial structure of the company." As part of the plan adopted for reorganization, the Occidental Hotel, Inc., with an authorized capital stock of $1,000 was incorporated under the Delaware law. The directors of this new corporation, which was a wholly owned subsidiary of the old corporation, and the directors of the original Occidental Hotel Company entered into an agreement for consolidation of the two corporate bodies. The details of the plan for reorganization were submitted at the stockholders' annual meeting held in January, 1943. Thereafter and in April, 1943, a special meeting of the original Occidental Hotel Company stockholders was held for the purpose of ratifying or rejecting the proposed plan of consolidation. By the required statutory vote of the stockholders the plan was adopted; but the assignors of plaintiff Dratz voted against the adoption of the consolidation plan. At a stockholders' meeting of the newly-organized Occidental Hotel, Inc., the plan of consolidation was also approved. It is agreed by counsel that the consolidation was perfected in compliance with the law of Delaware, which we quote in part:

"Sec. 59A.  *  *  *  The parent corporation (upon consolidation) shall be deemed to have assumed all the liabilities and obligations of the merged corporation, and shall be liable in the same manner as if it had itself incurred such liabilities and obligations." 41 Del Laws (1937), ch 131, § 2.

"Sec. 61. If any stockholder in any corporation of this State consolidating or merging as aforesaid, who objected thereto in writing and whose shares were not voted in favor of such consolidation or

merger, and who filed such written objection with the corporation before the taking of the vote on such consolidation or merger, shall within 20 days after the date on which the agreement of consolidation or merger has been filed and recorded, as aforesaid, demand in writing, from the corporation resulting from or surviving such consolidation or merger, payment for his stock, such resulting or surviving corporation shall, within 30 days after the expiration of said period of 20 days, pay to him the value of his stock on the date of the recording of said agreement of consolidation or merger, exclusive of any element of value arising from the expectation or accomplishment of such consolidation or merger." 44 Del Laws (1943), ch 125, § 6.

Appellants as stockholders in a corporation organized under Delaware law did not comply with the statute which requires that within the time limited demand be made in writing for payment of "the value of his stock." Hence appellants are not entitled to recover under the quoted provision of the Delaware statute.

However, appellants do urge right of relief on a wholly different theory. They assert that their rights as preferred stockholders in the original Occidental Hotel Company, who did not consent to the consolidation, to have "their shares redeemed at the date fixed therefor" in the stock certificates were not "destroyed" by the merger or consolidation above noted. They state in their brief:

"The defendant became and is liable to redeem the shares of preferred stock of the original Occidental Hotel Company now standing in the names of the plaintiffs by paying to them the par value ($100 per share) thereof, and the amount of the accumulated unpaid dividends ($66.50 per share) thereon, with interest at the rate of seven per cent. per annum from the date of the maturity (December 31, 1940) of the shares. * * *

"The right of a holder of preferred stock to have his shares redeemed at the date fixed by the certificate of stock is a valuable, vested property right which cannot be destroyed by a State statute authorizing the merger of corporations."

On this phase of the controversy defendant's brief contains the following:

"Counsel for plaintiffs has argued at considerable length that 'the right of a holder of preferred stock to have his shares redeemed at the date fixed by the certificate of stock is a valuable, vested property right which could not be destroyed by a State statute authorizing the merger of corporation.' In making this contention counsel has entirely lost sight of the fact that both the articles of association of the original Occidental Hotel Company and the preferred stock certificates of that company provided that 'the preferred stock shall be subject to redemption at par on the 31st day of December, 1940.' There can be no argument but that this language gave to the holder of the preferred stock the *option to demand* that his stock be redeemed at par plus any accumulated dividends on and after December 31, 1940, subject to the rights of existing creditors of the corporation. The corporation itself also had the right at that time to pay to the preferred stockholder the par value of his stock plus any accumulated dividends and to demand the surrender of such stock. Neither the stockholders involved in this case nor the corporation ever exercised such right."

In view of the foregoing our decision herein must be made in the light of the assumption, as admitted by defendant both in its answer setting up an affirmative defense and in its brief, that as of December 31, 1940, plaintiffs herein had the *"option to demand"* redemption at par value of their preferred stock holdings and payment of accumulated unpaid dividends at the rate of 7 per cent. per annum thereon, subject however to the rights of the corporation's

creditors. But defendant's concession that preferred stockholders had the "option to demand" redemption is not an admission of plaintiffs' contention that notwithstanding they did not exercise their optional right of redemption at least until a demand was made a week prior to the time this suit was started in June, 1946, nevertheless on December 31, 1940, they became vested with and now possess a contractual right enforceable against the new corporation to have their stock redeemed at par and payment of accrued dividends. This contention of plaintiffs is denied in paragraph 6 of defendant's answer, and we think the contention is not maintainable. In asserting the above claimed right plaintiffs rely upon the provision embodied in the articles of incorporation and also in the certificates of preferred stock of the original Occidental Hotel Company, which reads as follows:

"The holders of the preferred stock in the company, under the provisions of the articles of association, to which reference is hereby made, shall be entitled to receive, from the net profits of the company, annual dividends at the rate of 7 per cent., payable in semiannual instalments, on the first days of May and November in each year, which said dividends shall be cumulative and payable before any dividend shall be set apart or paid on the common stock. * * *

"The preferred stock shall be subject to redemption at par on the 31st day of December, 1940, and said stock or any portion thereof shall be subject to redemption on the call of the board of directors upon any dividend day hereafter at a premium of 5 per cent. above par and the accrued dividends; the board of directors to have the right to select the stock to be redeemed and to give 30 days notice to the holders of the stock so selected."

The controlling provision of the above quotation is that "the preferred stock shall be subject to re-

demption at par on the 31st day of December, 1940."
In its context obviously it means and only means
that the corporation on the date fixed might redeem
the stock at par, but if the corporation elected to re-
deem the stock at an earlier date it would be "at a
premium of 5 per cent. above par and the accrued
dividends." The quoted provision did not bind the
corporation to redeem the stock on the date specified,
as it would have been bound by a provision in the
stock certificates that the "preferred stock shall be
redeemed at par" on a fixed date, or words to that
effect.

"A corporation is not, however, bound to retire
stock if the agreement therefor merely reserves an
option which has not been exercised. * * * It has
also been held, however, that the corporation is not
bound to redeem stock out of its capital, but only out
of its other assets." 13 Am Jur, pp 396, 397. See,
also, *Coggeshall* v. *Georgia Land & Investment Co.,*
14 Ga App 637 (82 SE 156). Also, as to being some-
what in this field of the law, see *Sutton* v. *Globe
Knitting Works,* 276 Mich 200 (105 ALR 1447);
*Vanden Bosch* v. *Michigan Trust Co.* (CCA), 35 F2d
643.

Counsel for plaintiffs, in support of their con-
tention that they possessed an enforceable contractu-
al right to have their stock redeemed, relies upon
our decision in *Affeldt* v. *Dudley Paper Co.,* 306 Mich
39. But the facts in that case in material respects
are distinguishable from those in the instant case
and were controlling of decision in the cited case.
Among other facts Justice BUTZEL, who wrote for the
Court, pointed out "that the statute * * * in
force at the time plaintiff's certificate was author-
ized required the corporation to fix a date on which
it would be obligated to redeem its preferred stock."
And the opinion further points out that both the cor-

poration and the stockholder had construed the provision in the certificate of stock on which suit was brought as vesting the stockholder with the absolute right of redemption at par on the date fixed. These and other circumstances noted in the opinion clearly render decision in the *Affeldt Case* inapplicable to the instant case.

Nor is the admission in defendant's brief that "the holder of the preferred stock (had) the *option* to demand that his stock be redeemed," an admission that defendant or its predecessor was obligated to redeem the stock on the date specified in the absence of the exercise of the option. There is no claim that plaintiffs or their assignors asserted this optional right until more than 3 years after the consolidation of the 2 corporations in April, 1943; and, in our opinion, if not asserted prior to the time of the consummation of the consolidation it could not, under the law of Delaware, be thereafter asserted against the new or resulting corporation. Until consolidation plaintiffs or their assignors continued in their status as stockholders in the original hotel corporation. Because of their patent applicability to the instant case we quote quite at length from the headnotes in *Federal United Corp.* v. *Havender,* 24 Del Ch 318 (11 A2d 331):

"The substantial elements of merger and consolidation provisions of General Corporation Law are written into every corporate charter, and a shareholder has notice that corporation whose shares he has acquired may be merged with another corporation if required majority of shareholders agree, and is informed that merger agreement may prescribe the terms and conditions of merger and the mode of carrying it into effect and may 'convert,' which means to alter in form, substance, or quality, shares of the constituent corporation into shares of the resulting corporation. Revised Code 1935, §§ 2091,

2092, 2093, and § 2091A, as added by 41 Del Laws (1937), ch 131, § 2.

"Holders of preference stock are held to know that dividends may accumulate on preference stock and that in event of a merger of the corporation issuing the stock with another corporation the various rights of shareholders, including the right to dividends on preferred stock accrued but unpaid, may be the subject of reconcilement and adjustment. Revised Code 1935, §§ 2091, 2092, 2093, and § 2091A, as added by 41 Del Laws (1937), ch 131, § 2.

"The statutes permitting merger of corporations cannot be given a narrow or technical construction if they are to accomplish the purpose of conserving and promoting corporate interests for which they were enacted. Revised Code 1935, §§ 2091, 2092, 2093, and § 2091A, as added by 41 Del Laws (1937), ch 131, § 2.

"A holder of cumulative preferred stock as to which dividends have accumulated cannot insist that his right to the dividends is a fixed contractual right in the nature of a 'debt' in that sense vested, and therefore secure against attack on merger of corporation pursuant to statute, since shareholders by virtue of stock ownership have notice that corporation may be merged under the statute. Revised Code 1935, §§ 2091, 2092, 2093, and § 2091A, as added by 41 Del Laws (1937), ch 131, § 2."

To the same effect see *Langfelder* v. *Universal Laboratories, Inc.* (CCA), 163 F2d 804. In the light of the Delaware law as declared in the above cases, plaintiffs' contention cannot be sustained wherein they assert a right to have redemption of their stock and payment of accrued dividends by the defendant corporation under the following provision of the Delaware corporation law:

"The liability of corporations created under this chapter, or existing under the laws of this State, or the stockholders or officers thereof, or the rights or

remedies of the creditors thereof, or of persons doing or transacting business with such corporation, shall not in any way be lessened or impaired by the sale thereof, or by the increase or decrease in the capital stock of any such corporation, or by the consolidation or merger of 2 or more corporations or by any change or amendment in the articles of incorporation." Revised Code of Delaware 1935, § 2095 (Ch 65, § 63).

The above statutory provision obviously pertains to *liabilities* of stockholders and to "the rights or remedies of creditors." But, as pointed out in the *Havender Case,* preferred stockholders are not creditors within the statutory use or meaning of that word. Another headnote of the *Havender Case, supra,* reads:

"A holder of preference shares as to which dividends have accumulated through time is not a 'creditor' of the corporation in the ordinary meaning of the word, nor is he the holder of a 'lien' as that word is usually understood within the meaning of proviso of statute relating to merger of corporation providing that all rights of creditors and all liens upon any property of a constituent corporation shall be preserved and all debts, liabilities, and duties of constituent corporations shall attach to resulting corporation on merger. Revised Code 1935, § 2092."

It must be noted that by express provisions plaintiffs' stock certificates provided only for payment of dividends "from the net profits of the company." But there were no net profits as of December 31, 1940, nor at any time thereafter prior to the consummation of the consolidation. Under circumstances disclosed in this record plaintiffs' contention that by the terms of their preferred stock holdings they had a vested right as of December 31, 1940, to have their stock redeemed and to be paid accumulated dividends thereon cannot be sustained. To have

redeemed plaintiffs' stock totalling $8,400 and paid accrued dividends amounting to $5,586 on December 31, 1940, would have worked impairment of the corporation's capital and possibly an impairment of rights of its then creditors.

But entirely apart from the foregoing, plaintiffs assert a right to recover on the theory that the reorganization or consolidation was "solely for the purpose of attempting to enable the original Occidental Hotel Company to defeat its obligation to holders of the preferred capital stock of such corporation and to improve the position of the common stockholders of said corporation at the expense of the above named persons (plaintiffs) and other preferred stockholders of said corporation; and that the proceeding whereby the defendant corporation was formed was a mere sham and subterfuge." And in their brief plaintiffs contend that as to them the merger was void because it "was unfair, inequitable, unjust and fraudulent as to the preferred stockholders of the original Occidental Hotel Company."

Consideration of this phase of the instant case necessitates a further statement of the facts and circumstances with which the original Occidental Hotel Company and its stockholders were confronted at the time the consolidation was being considered and finally consummated in April, 1943. But first it may be noted that appellants admit there are holdings in adjudicated cases "that under the law of Delaware a parent corporation may merge with a wholly-owned, inactive subsidiary, cancelling old preferred stock and the rights of the holders thereof to unpaid accumulated dividends, and that they go so far as to hold that this may be done even though the subsidiary was created for that very purpose." In accord with the foregoing the following cases are noted in appellants' brief: *Federal United Corp.* v. *Havender, supra; Hottenstein* v. *York Ice Machinery*

*Corp.* (CCA), 136 F2d 944; *Langfelder* v. *Universal Laboratories, Inc., supra.*

But in connection with the foregoing plaintiffs point out that: "The Delaware decisions recognize, however, that the exercise of the statutory right of merger is always subject to nullification for fraud, and that the allocation of equities in the surviving corporation between the old preferred and common stockholders may be so unfair as to amount to constructive fraud." Citing *Porges* v. *Vadsco Sales Corporation* (Del Ch 1943), 32 A2d 148; *Cole* v. *National Cash Credit Association*, 18 Del Ch 47, 56 (156 A 183, 187) ; *MacFarlane* v. *North American Cement Corp.*, 16 Del Ch 172 (157 A 396). Hence we have the issue of whether the instant consolidation was such that it should be held fraudulent as to plaintiffs and therefore void as to them.

As just above noted, in addition to the facts previously set forth, the following facts are pertinent to this phase of the case. The original Occidental Hotel Company, organized under Delaware law in 1919, had an authorized capital stock of $700,000. This consisted of 6,000 shares of preferred stock with par value of $100 per share and 1,000 shares of common stock of like par value. All of the common stock was issued, and at the time of the consolidation there were outstanding approximately 5,720 shares of the preferred stock. Of this preferred stock plaintiffs herein held 84 shares. Prior to the consolidation no dividends were paid on any of its stock by the original Occidental Hotel Company subsequent to May 1, 1931; and the corporation had been operating its hotel at a loss. Its balance sheet, without considering accumulated unpaid dividends or depreciation for 1941, disclosed that as of November 30, 1941, the company's capital was impaired in the sum of approximately $7,000. Without considering unpaid dividends, the earned surplus accounts for

the years 1936 to 1942, when the matter of consolidation was first contemplated, disclosed a loss at the end of each fiscal year varying in amount from $40,000.54 in 1936 to $13,437.93 in 1942. During 1943, the merger having been consummated in April of that year, the corporation made a profit of $66,580.-72. This resulted in the earned surplus account for the year 1943 showing a profit of $53,142.79. Thereafter for the 4 succeeding years the new Occidental Hotel Company operated at a substantial annual profit. Holders of common stock in November, 1946, made sales of stock greatly in excess of par value, and all preferred stockholders in the new company were given an opportunity to sell at par plus unpaid dividends on the date just above noted.

The new Occidental Hotel Company was organized with an authorized stock of 4,000 shares, 3,000 preferred stock par value $100, and 1,000 common stock par value $50. The preferred stock entitled the holder to yearly noncumulative dividends of 5 per cent. payable semiannually. Dividends could not be paid on the common stock in any year until all current mortgage obligations, interest on debentures and 5 per cent. dividends on the preferred stock were paid. Apart from some minor details the result of the consolidation was that the common stockholders held in the new company common stock of par value equal to one-half of the par value of their holdings in the original Occidental Hotel Company. As to the preferred stockholders they held in the new company one half the number of shares they formerly held in the old company of the same par value of $100 per share, but bearing a lesser rate of noncumulative dividends. In lieu of the other half of the preferred stockholders' interest in the original Occidental Hotel Company they received bonds apparently maturing in 3 years, with interest payable at 3 per cent. per annum, secured by a second mort-

gage on the real property of the new hotel company. The interest held by the original Occidental Hotel in the subsidiary company, Occidental Hotel, Inc., was cancelled.

It is in the light of the foregoing circumstances that plaintiffs' claim of fraud must be determined; and this involves considering what rights were taken from the preferred stockholders incident to the consolidation and what benefits they received on the one hand, and on the other hand what rights were taken from the common stockholders and what benefits they received.

The preferred stockholders held stock in the original hotel company on which cumulative dividends at 7 per cent. per annum had accrued to approximately 66 per cent. of the stock's par value. No dividends had been paid by the corporation since May, 1931; and none could be declared because the corporation did not have "net profits" justifying such dividends. For years the corporation had been doing business at a loss and its capital was impaired. Its property as of January, 1943, was subject to a first mortgage of $450,000 and to a second mortgage in the amount of $75,000. Both mortgages were due and payable in 1945 or 1946. Plaintiffs point out in their brief that the company's balance sheet as of March 31, 1943, discloses that its assets as carried on its books were sufficient, if the company were then liquidated, to pay preferred stockholders $123.81 per share. But plaintiffs did not seek liquidation, and under the facts here disclosed it may well be questioned as to the right of the stockholders to seek liquidation merely because of nonpayment of dividends, especially at a time when the corporation had no net profits. Further it is highly speculative whether on liquidation by receivership the book value of the company's assets could have been realized in an amount to satisfy the par value of the

preferred stock. Under the adopted plan of consolidation preferred stockholders received preferred stock in the new corporation in an amount equal to one-half of the par value of their stock in the old corporation. While it is true dividends on the new preferred stock were only at the rate of 5 per cent. per annum and such dividends were not cumulative, nonetheless the record discloses that these dividends have been paid and that those of the preferred stockholders who saw fit to do so have been able since the consolidation to sell their preferred stock holdings at par plus unpaid dividends. As to the remaining one-half of the par value of plaintiffs' preferred stock in the original hotel company, it was provided that they should receive therefor 3 per cent. bonds of the new company secured by a second mortgage. The facts revealed by the record are such as to justify the conclusion that these second mortgage bonds are perfectly good. Under the circumstances the preferred stockholders received substantially the par value of their holdings in the old company. They did not receive payment of accumulated dividends, but as of the date of December 31, 1940, for reasons hereinbefore noted, neither plaintiffs nor other preferred stockholders were entitled to recover such accumulated dividends, nor, under the record, were they entitled to do so at any time prior to the consolidation, which it is conceded was consummated in conformity with the Delaware law. As to the common stockholders the consolidation resulted in their surrendering one-half of the face value of the common stock which they held in the original company. This was accomplished by their accepting an equal number of shares in the new company at the par value of $50, whereas the par value of the common stock in the old company was $100. This alteration of the holdings of the common stockholders redounded to the benefit of

the new corporation and the preferred stockholders therein for the reason it enabled the corporation to set up a surplus account from which dividends on preferred stock could be paid.   In passing upon a similar issue a Delaware court has held:

"Complainant's case is simply that the allocation between the old preferred and common stockholders is so unfair that it amounts to fraud.   When fraud of this nature is charged, the unfairness must be of such character and must be so clearly demonstrated as to impel the conclusion that it emanates from acts of bad faith, or a reckless indifference to the rights of others interested, rather than from an honest error of judgment.   *Cole* v. *National Cash Credit Association,* 18 Del Ch 47 (156 A 183); *MacFarlane* v. *North American Cement Corp.,* 16 Del Ch 172 (157 A 396, 398).   \* \* \*

"The merger cannot become effective without the approval of defendant's directors, the holders of a two-thirds majority of all of its capital stock, and the holders of a majority of its preferred stock. The evaluation of the benefits and detriments of a plan of this character, by the persons whose rights and interests will be affected and who hold a majority of the stock, is properly entitled to great weight. Moreover, 'There is a presumption that the judgment of the governing body of a corporation, whether at the time it consists of directors or majority stockholders, is formed in good faith and inspired by a bona fides of purpose.'   *Cole* v. *National Cash Credit Association, supra.*"   *Porges* v. *Vadsco Sales Corporation, supra.*

Incidentally it may also be noted that this plan of consolidation was not secretly conceived or hastily consummated.   At the annual stockholders' meeting of the orginal hotel corporation in January, 1942, by unanimous vote "the officers and directors of the company (were instructed) to prepare a suitable plan for the reorganization of the financial

structure of the Occidental Hotel Company." The plan was submitted in detail by report at the annual stockholders' meeting a year later, January 11, 1943. It was not adopted by the stockholders until a special meeting called for the purpose of adopting or rejecting the proposed plan was held, April 28, 1943. Clearly it was of personal interest to each of the officers and directors who were stockholders to propose and have adopted a plan of consolidation that would be fair and equitable to the holders of preferred stock, because each of these officers and directors who had stock had holdings of preferred stock materially in excess of their holdings of common stock.

The burden of establishing the constructive fraud claimed by plaintiffs is upon them. Under the record before us, considered in the light of the provisions of the Delaware statute, we are not in accord with the contention of plaintiffs that they are entitled to relief on the theory of constructive fraud, and there is no evidence of actual fraud.

We cannot accept appellants' contention that the agreement as to nonassenting preferred stockholders should be held to be against public policy and void because "Occidental Hotel, Inc., was never admitted to do business in this State." See CL 1948, § 450.93 (Stat Ann § 21.94). Except for its intercorporate action in entering into the consolidation agreement the Occidental Hotel, Inc., a Delaware corporation, never took any other action or transacted any business in this State. Our holdings are to the effect that simple and discontinuous acts or contracts do not constitute carrying on business in this State within the meaning of the statute. *C. H. Knight-Thearle Co.* v. *Hartline*, 233 Mich 53; *Electric Railway Securities Co.* v. *Hendricks*, 251 Mich 602; *National Adjusting Ass'n* v. *Dallavo*, 253 Mich 239.

Nor are we in accord with appellants' contention that the instant merger should be held void as to nonassenting preferred stockholders on the ground that it resulted in impairment of plaintiffs' rights guaranteed by Article 1, § 10, and the Fourteenth Amendment of the Federal Constitution. Since, as hereinbefore indicated plaintiffs or their assignors as stockholders in a Delaware corporation did not have a vested right to payment of dividends or to redemption of their stock for which they seek recovery, the consolidation perfected in compliance with the Delaware law did not impair or violate their rights guaranteed by the Federal Constitution.

"The substantial elements of the merger and consolidation provisions of the General Corporation Law (of Delaware) as they now appear have existed from the time of the inception of the law. It is elementary that these provisions are written into every corporate charter. The shareholder has notice that the corporation whose shares he has acquired may be merged with another corporation if the required majority of the shareholders agree. He is informed that the merger agreement may prescribe the terms and conditions of the merger, the mode of carrying it into effect, and the manner of converting the shares of the constituent corporations into the shares of the resulting corporation." *Federal United Corp.* v. *Havender, supra.*

In view of our conclusion herein we deem it unnecessary to pass upon defendant's contention that plaintiffs' suits, which were not commenced until June 25, 1946, were barred by the Delaware 3-year statute of limitations; or to consider at length defendant's contention that plaintiffs' asserted right of recovery was barred by laches. However, because it appears squarely in point on the issue of laches, we note *Peterson* v. *New England Furniture*

*& Carpet Co.,* 210 Minn 449 (299 NW 208). A headnote in the North Western Reporter reads:

"Where holders of preferred stock in Delaware corporation made no effort to enforce an alleged agreement for the redemption of such stock by the corporation until long after the date set for such redemption, and not until more than 3 years after sale of all the assets of Delaware corporation to a newly-formed Minnesota corporation, which merger was approved by a large majority of the stockholders, such minority holders of preferred stock had no cause of action for damages against the Minnesota corporation."

It would seem that plaintiffs' suits to have a large amount decreed them for redemption of stock and payment of dividends alleged to have accrued approximately 6 years prior to bringing suit would likewise be barred on the ground of laches, especially since the record shows that prior to hearing these cases there had been transfers of stock in the new corporation.

Our review of the instant record brings the conclusion that plaintiffs are not entitled to relief sought in their bills of complaint. The decrees entered in the circuit court dismissing plaintiffs' bills of complaint are affirmed, with costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.